## 30116. ANTHONY v. HOPPER.

HILL, Justice.

The issues involved in this appeal from denial of habeas corpus relief are (1) whether it was a violation of the petitioner's due process rights to increase, upon resentencing, the penalty previously imposed pursuant to petitioner's guilty pleas, and (2) whether it was a denial of due process that the petitioner was not present at that resentencing.

Petitioner entered guilty pleas under two separate indictments, one charging him with two counts of sale of heroin (on August 3 and 8, 1972) and the other with possession of heroin (on August 3, 1972). He received a five-year concurrent sentence for each of the counts of sale and a five-year sentence for possession, to serve three years consecutive to the concurrent sentences (with the remaining two years suspended). Thus, petitioner was sentenced to serve eight years.

On September 4, 1974, pursuant to a habeas petition filed by petitioner, the habeas court determined that the petitioner could not receive multiple sentences for lesser-included offenses involved in a single transaction and an order was issued remanding his case to the trial court for resentencing as to either the August 3rd sale or the August 3rd possession, but not on both, citing Code Ann. § 26-506 (a) and *Wells v. State,* 126 Ga. App. 130, 132 (190 SE2d 106).[1] That order left intact the five-year

---

[1]Rather than remand for resentencing on either, but not both, the August 3rd sale or possession indictments,

sentence for the August 8 sale and provided that petitioner need not be present at resentencing. Pursuant to that order, petitioner was resentenced on September 13, 1974, when the trial court issued a nunc pro tunc order imposing an eight-year sentence for the August 3rd sale of heroin.

Petitioner now contends in this subsequent habeas proceeding that the court was not authorized to increase the penalty on one indictment so that it equaled the total penalty imposed formerly on the two indictments. He also contends that he was entitled to be present at resentencing. .

1. We must first ascertain whether petitioner's sentence was increased. He was originally sentenced to serve eight years and he has been resentenced to serve eight years. However, petitioner was originally sentenced to serve five years for sale and three for possession; it was determined that these two sentences could not stand together[2]; he has been resentenced to serve eight years for sale; thus his sentence for sale has been increased.

There is no absolute constitutional bar to imposing a more severe sentence upon resentencing, but vindictiveness must not be the motivating force behind the increased sentence. North Carolina v. Pearce, 395 U S. 711 (89 SC 2072, 23 LE2d 656). Pearce set forth standards for determining the constitutionality of the imposition of a more severe penalty upon resentencing by the court after reconviction following a successful appeal. Pearce requires that the court must include in the record an affirmative statement of the reasons underlying the

---

the habeas court should have vacated the sentence on the lesser-included offense (to wit: the possession indictment). Where a defendant is convicted of both sale and possession of illegal drugs, and the evidence required to convict on illegal sale was the only evidence showing possession, the sentence on the conviction of the lesser-included crime (possession) cannot stand. *State v. Estevez*, 232 Ga. 316 (206 SE2d 475); *Zilinmon v. State*, 234 Ga. 535 (8) (216 SE2d 830).

[2]See Footnote 1, above.

decision to increase the punishment upon resentencing. Those reasons should in fact support the imposition of the harsher penalty.

Although the case before us involves resentencing after a successful collateral attack upon multiple sentences, as opposed to appeal and reconviction, Pearce expressly stated that the holding of that case applies to resentencing following collateral attack as well as retrial following appeal. See Pearce, supra, 395 U. S. at 724. The rationale behind Pearce is to prevent the imposition of harsher penalties on resentencing as a means of punishing a defendant for attacking his conviction. This rationale is equally applicable whether resentencing results from the defendant's exercise of his right of appeal or his seeking collateral relief by means of habeas corpus.

The record before us contains no facts supporting the increase in sentence from five to eight years. Without some affirmative showing in the record to justify the increased sentence, a court is limited upon resentencing to the sentence initially imposed.

The warden argues that the habeas court approved the eight-year sentence in its order denying the present habeas application. However, it is that very order which is before us on appeal.

The warden contends that the sentencing court could have sentenced petitioner to three years for the August 3rd possession of heroin, to run consecutively to the five-year sentence for the August 8 sale, and hence there has been no harmful error. As heretofore noted (see Footnote 1 above), after a determination has been made that one offense is included in the other, the sentence on the lesser-included offense cannot stand. *State v. Estevez,* 232 Ga. 316, supra.

The eight-year sentence for sale must be set aside for the reasons expressed above, and for those which follow.

2. Petitioner contends that it was a denial of due process to permit him to be resentenced in absentia. In denying this ground of petitioner's present petition, the court below relied upon *Johnson v. Caldwell,* 232 Ga. 200 (205 SE2d 857). In that case it was held that it is not necessary for the prisoner to be present in court or represented by counsel where the prisoner previously

serving consecutive sentences was resentenced to serve concurrent sentences.

After the court below denied relief, this court decided *Williams v. Ricketts,* 234 Ga. 716 (217 SE2d 292), which involved resentencing of a different type. In *Williams,* the prisoner's 10-year sentence was in excess of that provided by law. It was held that since upon resentencing he could receive a sentence of from 3 to 7 years, to be served either concurrently or consecutively with another sentence being served, he was entitled to be present at resentencing.

Regarding the sentence presently in issue, since (as seen from Pearce, supra) it was legally possible that petitioner could receive, upon resentencing, any sentence within the statutory limitation for sale of heroin (to be served consecutively or concurrently with the five-year sentence for the August 8 sale), he was entitled to be present at resentencing. *Williams v. Ricketts,* supra.

The warden contends that petitioner should have appealed the September 4, 1974, habeas order requiring resentencing and authorizing it to be done in absentia, rather than awaiting the resentencing and then complaining that he was not allowed to be present. However, Code Ann. § 50-127 (a) authorizes petitioner to raise, by petition for habeas corpus, his constitutional right to be tried and sentenced in person.

The order of the court below must be reversed with direction that the eight-year sentence for the August 3, 1972, sale of heroin be vacated, that the petitioner be remanded to the sentencing court for resentencing in person and with the benefit of counsel upon the indictment for the August 3, 1972, sale of heroin, and that such resentencing be conducted in accord with the requirements of North Carolina v. Pearce, supra.

*Judgment reversed, with direction. All the Justices concur.*

SUBMITTED JULY 8, 1975 — DECIDED SEPTEMBER 16, 1975 — REHEARING DENIED OCTOBER 16, 1975.

Paul Lee Anthony, *pro se.*

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.