## 53714. POPE v. THE STATE.

WEBB, Judge.

O. P. Pope was convicted of several offenses growing out of domestic difficulties with his wife and step-daughter, and we affirm.

1. Defendant moved to suppress evidence as to a pistol taken from him in a frisk by police officers when he was drinking coffee and eating pie in a Waffle House restaurant. The officers had received a "person armed and a disturbance call" over the radio, and upon entering the establishment they identified appellant as the subject of the call. It is appellant's contention that the officers were not entitled to rely solely upon the radio message but should have made an attempt to identify the source of the call or to substantiate the information received.

We find from the transcript of the hearing on the motion sufficient evidence that the officers did so. Officer Polvi testified: "I arrived. I went in just in front of Officer—or Lieutenant Powell. And I saw Mr. Pope sitting at the counter. He matched the description of the suspect that I was given over the radio. At that time I asked Mr. Pope if he had a revolver or any type of weapon on him. He stated to me that he did not. At that time, I asked the cook at the restaurant what the problem was. And he motioned me to go to the back room of the restaurant. At that time I did. And upon talking to him and the waitress, from what I understand was Mr. Pope's stepdaughter. She advised me that he was armed."

This enumeration is without merit.

2. The state objected to defense counsel's question to the prosecutrix on cross examination as to whether she had ever been known as "Mary Mullin." Counsel stated that he wished "any aliases she might have, so that we can verify her past history to find out if there are any . . . criminal charges against her." But counsel already knew

the name he stated he was seeking, and in any event she answered the question in the affirmative before the trial court could rule the question out. This is not "such stuff as [new trials] are made on. . ." See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

3. Defendant initially pleaded guilty and was sentenced to a total of 30 months by the judge. These sentences were set aside upon successful motion of newly-retained counsel, and a jury conviction resulted. A judge other than the original sentencing judge imposed a sentence of 48 months, which was higher than the original one.

While the state contends that the resentencing judge had no actual knowledge of the prior sentence and hence was not moved by vindictiveness in imposing the higher sentence, it is not actual vindictiveness but the possibility of it inherent in the judge-resentencing system which precludes the higher sentence. North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969). The rule thus applies even though a different judge resentences since he has judicial notice of the prior proceedings in the case. *Fitzgerald Granitoid Co. v. Alpha &c. Cement Co.,* 15 Ga. App. 174, 178 (82 SE 774) (1914). Compare the situation where the jury resentences without knowledge of the first sentence. Chaffin v. Stynchcombe, 412 U. S. 17 (93 SC 1977, 36 LE2d 714) (1973).

Since the affirmative Pearce showing has not been made, the overruling of the motion to vacate illegal sentence must be reversed with direction that the sentence be vacated and that defendant be resentenced in accord with Pearce, supra. *Anthony v. Hopper,* 235 Ga. 336 (219 SE2d 413) (1975); *Graham v. State,* 138 Ga. App. 846 (228 SE2d 9) (1976).

*Judgment affirmed in part and reversed in part with direction. Deen, P. J., and Marshall, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED
APRIL 15, 1977.

*Martin L. Cowen, III,* for appellant.
*Hinson McAuliffe, Solicitor, Hugh E. Smith,*

*Assistant Solicitor,* for appellee.