## 57492. THOMAS v. THE STATE.

SHULMAN, Judge.

This is the second appearance of this case in this court. In a prior appeal, appellant's convictions for armed robbery and kidnapping were affirmed and the death sentence on the kidnapping count set aside and remanded for resentencing. See *Thomas v. State,* 145 Ga. App. 69 (243 SE2d 250). On appeal, appellant challenges the

resentencing. We affirm.

In a single enumeration of error, appellant, citing North Carolina v. Pearce, 395 U. S. 711 (1969), asserts that the trial court's corrective resentencing proceedings violated his due process rights by increasing the previously imposed penalty without some affirmative showing in the record to justify the increased sentence. See, e.g., *Anthony v. Hopper,* 235 Ga. 336 (2) (219 SE2d 413), applying North Carolina v. Pearce to situations where a case is remanded for resentencing only. As we cannot agree with appellant's premise that a harsher penalty was imposed on resentencing, we must reject his conclusion.

Appellant was originally sentenced to life for armed robbery and death for kidnapping. On remand, the trial court resentenced defendant to life imprisonment on the kidnapping count and further pronounced that the sentence imposed on the kidnapping count was to be served consecutively to the life sentence for armed robbery. There can be no question that the death sentence imposed in the original sentence was more severe than the life sentence imposed on resentencing. *Krist v. Caldwell,* 230 Ga. 536 (1) (198 SE2d 161). Appellant's argument that consecutive life sentences are harsher than concurrent life and death sentences is not persuasive.

Admittedly, the imposition of a new sentence to be served consecutively to a sentence on a prior conviction, in place of a vacated sentence that was to be served concurrently with the sentence on that prior conviction, may constitute an impermissible harsher punishment. See, e.g., *Hewell v. State,* 238 Ga. 578 (1) (234 SE2d 497). The distinction is not a meaningful one, however, in the context of this case.

We conclude, therefore, that the imposition of consecutive life sentences on corrective resentencing did not constitute an impermissible harsher penalty. This being so, the due process requirement that corrective resentencing be free from the appearance of vindictiveness was not violated. Compare *Pope v. State,* 142 Ga. App. 24 (3) (234 SE2d 829).

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED JUNE 19, 1979.

Carpenter & Blum, John S. Carpenter, David D. Blum, for appellant.

Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, for appellee.