A96A0780. DUFFEY v. THE STATE.
(476 SE2d 89)

BIRDSONG, Presiding Judge.

This is an appeal from a resentencing which appellant contends is unlawful under *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656); *Anthony v. Hopper*, 235 Ga. 336 (219 SE2d 413) and *Hewell v. State*, 238 Ga. 578 (234 SE2d 497).

In 1994 Earl Duffey was convicted of nine counts of sexual abuse of four boys. These were Count 1 (aggravated sodomy of R. K.); Count 2 (aggravated sodomy of R. K.); Count 3 (aggravated child molestation of R. K.); Count 4 (aggravated child molestation of R. K.); Count 5 (aggravated sodomy of M. R.) (Counts 6, 7, 8, and 9 involved sexual offenses against other boys, but these sentences are not issues in this appeal).

As to the counts pertinent to this appeal, Duffey was sentenced to a total of 30 years in prison: Count 1 (*20 years to serve*); Count 2 (*10 years consecutive*); Counts 3, 4, and 5 (*10 years each, concurrent*). In appellant's first appeal, in an unpublished decision we held Counts 1 (aggravated sodomy) and 4 (aggravated child molestation)

and Counts 2 (aggravated child molestation) and 3 (aggravated child molestation) arose out of only two incidents involving R. K. We held it was proper to prosecute appellant for Counts 1 and 4 (involving one act with R. K.) and Counts 2 and 3 (involving another act with R. K.) but that as to each act he should have been convicted and sentenced for one crime. Id. Thus, Duffey "should have been sentenced on the aggravated child molestation charges [Counts 3 and 4] as the greater offense because they subsumed the acts of aggravated sodomy [Counts 1 and 2] as a matter of fact." We vacated his convictions and sentences for aggravated sodomy in Counts 1 and 2. We also vacated the sentences for Counts 3 and 4 because they were dependent on (concurrent to) the vacated convictions and sentences for Counts 1 and 2. On remand the trial court' resentenced appellant thusly: Count 3 (*10 years to serve*); Count 4 (*10 years consecutive*); Count 5 (*10 years consecutive*).

Appellant now contends his resentencing amounts to an illegal increase in sentencing and violates the rule in *Anthony*, supra, where the court held that although the second sentence equaled the first sentence, the increase of an individual sentence was illegal. See also *Hewell*, supra. *Held*:

1. Appellant contends that after Count 1 merged with Count 4, and Count 2 merged with Count 3, the remaining original sentence to serve was ten years as to Count 3. He thus contends that the most he can be required to serve on resentencing is ten years.

*Anthony* and *Hewell* are factually distinguished from this case. In *Anthony*, a sentence to serve five years for sale of heroin was increased to eight years to serve. In *Hewell* a sentence of 12 years confinement was increased to 16 years confinement. In this case, none of appellant's sentences was increased. Counts 3, 4, and 5 — which were previously sentenced to run concurrent to the thirty-year sentences of Counts 1 and 2 — now run ten years to serve on Count 3, ten years consecutive on Count 4, and ten years to serve on Count 5. The change from concurrent to consecutive in the context of this case is not an increase in time; such distinctions are not meaningful in every case. See *Thomas v. State*, 150 Ga. App. 341, 342 (258 SE2d 28). In fact, by conceding that Count 3 (which was a ten-year concurrent sentence but is now a ten-year sentence to serve) is proper and is the only sentence he can be made to serve, appellant concedes that concurrent sentences may be converted to consecutive sentences on resentencing after the vacating of a prior sentence.

2. We do not find *Pearce* controlling in this case. *Pearce* applies a so-called presumption of vindictiveness *only when a judge "imposes a more severe sentence"* on resentencing. (Emphasis supplied.) *Wasman v. United States*, 468 U. S. 559, 565 (104 SC 3217, 82 LE2d 424); *Pearce* at 726. The trial court did not impose a more severe sentence;

it merely made his ten-year sentences for Counts 3, 4, and 5 run consecutive rather than concurrent. It happened that the first two counts of which appellant was convicted and sentenced were the only two the trial court had made "to serve"; the fact that on appeal these offenses were merged into other counts does not remove the trial court's power to resentence appellant for those other counts and to require those terms to be served.

Moreover, the convictions and sentences for Counts 1 and 2 were vacated for technical reasons having to do with duplication. The same criminal acts survived in Counts 3 and 4. In its original sentence the trial court plainly intended to sentence appellant to serve 30 years for his sexual crimes against R. K. It resentenced appellant to serve only 20 years for his crimes against R. K. The sentence for the offenses against R. K was thus actually *decreased*; there can be no question that the original sentences were less severe than the 20 years imposed on resentencing. See *Thomas*, supra. The sentence for appellant's crime in Count 5 against M. R. was not increased but was changed from concurrent to consecutive. The total sentence imposed does not amount to an increase of appellant's sentence for the same criminal acts and the court did not increase any sentence it had previously imposed; therefore, *Pearce*'s presumption of vindictiveness simply does not arise. The trial court plainly intended appellant to serve 30 years for his crimes against these children; the fact that two technically redundant counts were vacated does not lessen the severity of the crimes against these children, and it certainly does not require the trial court to *reduce* appellant's sentence for the remaining counts, which is what appellant essentially contends. The trial court did not illegally increase the sentence on any count and did not run afoul of *Pearce*.

3. Even under a *Pearce* analysis, "[t]here is no absolute constitutional bar to imposing a more severe sentence upon resentencing . . . by the court after reconviction following a successful appeal." *Anthony* at 337. *Pearce* promotes the idea that vindictiveness against a defendant for successfully attacking his first conviction must play no part in his resentencing, so an increased sentence on resentencing raises a presumption of vindictiveness. *Pearce*, supra at hn. 3; *Hewell*, supra at 579. This so-called presumption of vindictiveness, however, refers to resentencing which actually penalizes a defendant for appealing his sentence, and the notion of what will rebut such a broad presumption, as first proposed, has been less forcefully propounded. See *Wasman*, supra. The reason a factual basis for increased sentencing is required is to allow the constitutional legitimacy of an enhanced sentence to be assessed on appeal. Id. at 565. Nothing in this record indicates this resentencing was intended to or did penalize appellant for successfully appealing his prior sentences.

Rather, the trial judge made it clear that he was aware of the requirements of *Pearce* and had no intention of violating *Pearce*; he said he understood the defendant could be resentenced "so long as the court does not punish him for exercising his right to appeal by increasing his sentence." Given this explanation in the record, we find most sensible and applicable to this case the reasoning in *Moon v. Maryland*, 398 U. S. 319 (90 SC 1730, 26 LE2d 262), where the court upheld an increased sentence for armed robbery. The trial judge in that case gave an affidavit setting out the reasons he imposed a 20-year prison sentence, including information about defendant's conduct after the original sentencing; nevertheless, the Supreme Court found that *"the dispositive development is that counsel for the petitioner has now made clear that there is no claim in this case that the due process standard of Pearce was violated. As counsel forthrightly stated in the course of oral argument, 'I have never contended that [the judge] was vindictive.'"* (Emphasis supplied.) Id. at 320-321.

Likewise, there is no claim that this judge was actually vindictive, and we find his resentencing was not vindictive.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

Decided September 18, 1996.

*Word & Mitchell, Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Dennis T. Blackmon, Assistant District Attorneys*, for appellee.