## A01A0741. ALVARADO v. THE STATE.
(547 SE2d 616)

MIKELL, Judge.

David Michael Alvarado was indicted on two counts of aggravated sodomy, one count of aggravated child molestation, and three counts of child molestation. All of the charges involved the seven-year-old son of Alvarado's girlfriend. A jury convicted Alvarado of all six counts, and the trial court sentenced him to a total of sixty years imprisonment and twenty years probation, as follows: twenty years to serve for Count 1 (aggravated sodomy); twenty years for Count 2 (aggravated sodomy), to be served consecutively; twenty years each for Counts 4 and 5 (child molestation), to be served concurrently with the sentence on the first two counts; and twenty years probation for Count 6 (child molestation).[1] Alvarado filed a motion for a new trial, which the court denied. However, as a result of *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999), which was decided after the trial, the court vacated his conviction on the two counts of aggravated sodomy and resentenced him to serve sixty years on the other counts. He appeals his conviction and sentence, arguing that the court improperly enhanced his sentence and erroneously admitted evidence of pornographic material during the jury trial. We affirm.

1. First, we disagree with Alvarado's contention that the court improperly enhanced his sentence on resentencing. Based on the Supreme Court's decision in *Brewer v. State*, supra, the trial court was forced to vacate Alvarado's conviction and sentence on the two counts of aggravated sodomy. In *Brewer*, the Court overruled existing precedent and held that a person could not be convicted of aggravated sodomy involving an underage victim without proof of force. Id. at 607. As a result, the trial court found, and the state conceded, that there was insufficient evidence that Alvarado used force against his young victim in connection with the charges of aggravated sodomy. Because that conviction was vacated, the merger doctrine no longer applied to Alvarado's conviction of aggravated child molestation, and the trial court sentenced him to 20 years to serve on that count. Additionally, the trial court ordered that the two twenty-year sentences for child molestation (Counts 4 and 5) run consecutively, rather than

---

[1] Count 3 (aggravated child molestation) merged into the first two counts (aggravated sodomy).

concurrently, to the twenty-year sentence for aggravated child molestation (Count 3).

Contrary to Alvarado's argument, we conclude that the court did not err in resentencing him. We agree that a prohibition exists against the imposition of a more severe sentence as a result of vindictiveness against a defendant for successfully attacking his conviction. See *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969); *Hewell v. State*, 238 Ga. 578 (234 SE2d 497) (1977); *Anthony v. Hopper*, 235 Ga. 336 (219 SE2d 413) (1975). However, in the case sub judice, the court did not impose a more severe sentence. Rather, it sentenced Alvarado for the first time for the conviction of aggravated child molestation, and it converted his existing sentence from a concurrent sentence into a consecutive one without increasing the length of the sentence.

We affirmed a similar resentence in *Duffey v. State*, 222 Ga. App. 802 (476 SE2d 89) (1996). In that case, we distinguished the cases prohibiting increased sentences and held that the trial court did not impose a more severe sentence when it converted a concurrent sentence into a consecutive one. Id. at 803-804. In *Duffey*, as in the case sub judice, the trial court plainly intended to sentence the defendant to a certain amount of time for his conduct. "[T]he fact that two . . . counts were vacated does not lessen the severity of the crimes against [this child], and it certainly does not require the trial court to *reduce* appellant's sentence for the remaining counts. . . ." (Emphasis in original.) Id. at 804 (2). Accordingly, we affirm Alvarado's sentence.

2. Next, Alvarado maintains that the court erred in admitting evidence that he kept pornographic material in his home. He argues that his character was improperly impugned by the victim's mother's testimony that Alvarado possessed pornographic videos. We disagree.

On cross-examination, Alvarado's counsel asked T. H., the victim's mother and Alvarado's former girlfriend, if she ever brought pornographic material into the home she shared with Alvarado. T. H. answered that a man had given her pornographic magazines to give to Alvarado, and that the magazines were kept next to Alvarado's side of the bed. Subsequently, the state asked T. H. if there was any other pornographic material in the home, and she responded that Alvarado possessed explicit videos depicting sexual acts between men.

Contrary to Alvarado's argument, we do not find that the court erred in admitting the testimony at issue. As a preliminary matter, Alvarado concedes in his appellate brief that his counsel introduced the subject of pornographic materials during cross-examination of T. H.

Furthermore, we have consistently held in child molestation

cases that sexually explicit material has a tendency to demonstrate "a bent of mind toward similar sexual activity." (Punctuation omitted.) *Burris v. State*, 204 Ga. App. 806, 808 (1) (420 SE2d 582) (1992). We recognize that evidence of sexual material is admissible only if it shows a defendant's "lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity." *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999). However, we conclude that the pornographic videos at issue in the case sub judice were "sufficiently linked" to the behavior with which Alvarado was charged, namely the molestation of a young boy. See id.

Specifically, Alvarado was charged with performing sexual acts involving the sex organ of the victim and the mouth of the defendant, acts involving the sex organ of the defendant and the mouth of the victim, exposing himself to the victim, and fondling the victim's penis. According to T. H.'s testimony, the pornographic videos possessed by Alvarado depicted men performing oral sex on each other and engaging in anal sex. We have previously held that materials involving explicit homosexual activity were admissible when the defendant was charged with the inappropriate touching of a male child. *Walsh v. State*, 236 Ga. App. 558, 561-562 (3) (512 SE2d 408) (1999) ("While the materials at issue do not specifically depict sexual activity involving children, all the materials concern sexual activity between males."). Accordingly, the court did not err in admitting evidence of the pornographic videos.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 28, 2001.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.