The STATE of Ohio, Appellee,

v.

NELLOMS, Appellant.

[Cite as *State v. Nelloms* (2001), 144 Ohio App.3d 1.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18421.

Decided June 1, 2001.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Cheryl A. Ross*, Assistant Prosecuting Attorney, Appellate Division, for appellee.

*L. Patrick Mulligan*, for appellant.

BROGAN, Judge.

Defendant-appellant Christopher R. Nelloms was found guilty of one count of felonious sexual penetration and seven counts of rape of his daughter under the age of thirteen. The court sentenced Nelloms to life on each count, four to be served consecutively, and the other four to be served concurrently to those counts. In his direct appeal of these convictions, we reversed four of the counts that occurred in Kentucky due to lack of subject-matter jurisdiction. We remanded for resentencing on the four remaining counts, and reminded the trial court of its obligations under *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, if it imposed a harsher sentence on remand.

At the sentencing hearing on remand, the trial court stated:

"Mr. Nelloms, as you know, the Court of Appeals decided that the crimes that were committed in Kentucky did not have sufficient nexus to Dayton to vest this Court with jurisdiction over you for those events. The Court of Appeals, however, did not say those crimes were not committed. The jury here said that the crimes were committed and that you committed them. The jury considered the connection between what you did in Kentucky and what happened here in Dayton. The jury found that the force that you used against the victim was the psychological control that a parent has over a child and that the control continued here in Dayton and related back to what you did in Kentucky.

"To the extent that the Court of Appeals found those facts differently from the jury is something that the Court of Appeals is going to have to explain in this case. The fact remains, however, that all 10 crimes were committed.[1] The Court's original sentence here was that four consecutive life terms was [*sic*] the appropriate sentence for punishment for this conduct. This fact is no less true here today than it was on February 12, 1999." (Footnote added.)

---

1. This is a misstatement by the trial court that it later clarified. Although the original indictment contained ten counts, the state nolled Count VII and Nelloms was found not guilty of Count IV.

The trial court then proceeded to resentence Nelloms to four consecutive life sentences on the remaining counts. This resulted in the same aggregate sentence Nelloms received originally.

Nelloms has appealed this sentence raising the following assignment of error:

"The trial court erred to the prejudice of Mr. Nelloms when it resentenced in violation of his Constitutional rights."

Nelloms does not argue that the sentence imposed on remand violated the sentencing statutes. Instead, he contends that the sentence conflicted with the principles of *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. After a successful post-conviction relief petition, Pearce was retried, reconvicted and resentenced to a term that resulted in a longer period of incarceration than he would have served on his original sentence. *Id.* at 713, 89 S.Ct. at 2074, 23 L.Ed.2d at 662–663. The Supreme Court held that a trial court violates the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence, motivated by vindictive retaliation. *Id.* at 724, 89 S.Ct. at 2080, 23 L.Ed.2d at 668–669. Further, a presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. *Id.* at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. In order to overcome the presumption, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing. *Id.; Wasman v. United States* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. This means that a trial court may impose an enhanced sentence, but it must demonstrate that it was not motivated by vindictiveness toward the defendant for exercising his rights. *Pearce*, 395 U.S. at 723, 89 S.Ct. at 2079, 23 L.Ed.2d at 668.

The issue in this case is after dismissal of some counts, whether the sentence imposed on remand altering the remaining counts from concurrent to consecutive, without exceeding the aggregate original sentence constitutes a harsher sentence as contemplated in *Pearce*. This specific issue is one of first impression in Ohio. One Ohio court has partially touched on this topic and impliedly found that resentencing with consecutive sentences without justification does violate the principles of *Pearce*. *State v. Pearson* (1998), 130 Ohio App.3d 577, 586, 720 N.E.2d 924. However, in *Pearson*, the consecutive sentences resulted in a longer aggregate amount of incarceration than originally sentenced. *Id.* Therefore, *Pearson* is not directly on point. See, also, *Kopko v. State* (Fla.App.1998), 709 So.2d 159 (changing from concurrent to consecutive sentences on remand caused increase in aggregate sentence and therefore violated *Pearce*).

We were able to find only one state appellate court that found that consecutive sentences on remand following concurrent original sentences implicated *Pearce*,

regardless of the aggregate length of the sentences. In *State v. Coggins* (Nov. 21, 1995), Davidson App. No. 01C01–9503–CR–00076, unreported, at 2, 1995 WL 649954, a Tennessee appellate court held that even though the aggregate sentence decreased from 105 years to 47 years, because some counts that had originally received concurrent sentences were changed to consecutive on remand, *Pearce* applied.

Aside from *Coggins,* we found no other cases supporting this theory. Most courts that have encountered this question have held that provided that the aggregate sentence imposed on remand for the remaining counts does not exceed the aggregate sentence imposed originally for all counts, *Pearce* does not apply. See *United States v. Soto–Alvarez* (C.A.1, 1992), 958 F.2d 473, certiorari denied (1990), 493 U.S. 1030, 110 S.Ct. 742, 107 L.Ed.2d 760 (finding that *Pearce* did not apply in restructured sentencing package); *United States v. Mancari* (C.A.7, 1990), 914 F.2d 1014, certiorari denied (1991), 499 U.S. 924, 111 S.Ct. 1320, 113 L.Ed.2d 253 (finding no error when the court resentenced the defendant to the same period of time after the only count originally receiving a prison term was vacated); *United States v. Gray* (C.A.4, 1988), 852 F.2d 136 (finding the second aggregate sentence of eight years was not harsher than the original sentence of twenty-five years even though some counts were changed from concurrent to consecutive); *United States v. Shue* (C.A.7, 1987), 825 F.2d 1111, certiorari denied (1987), 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (resentencing from five to twenty years on a specific count did not implicate *Pearce,* since the total resentence did not exceed the original aggregate sentence); *United States v. Hagler* (C.A.9, 1983), 709 F.2d 578, certiorari denied (1983), 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (holding that *Pearce* was not implicated when the defendant was resentenced to the same amount of incarceration and probation even though the incarceration was applied to a different count); *Duffey v. State* (1996), 222 Ga.App. 802, 476 S.E.2d 89 (finding that *Pearce* did not apply because even though some counts changed from concurrent to consecutive, the aggregate sentence had not increased); *Johnson v. United States* (D.C.App. 1993), 628 A.2d 1009 (finding no error in a longer sentence for a lesser count on remand when the entire package did not exceed the original sentence); *Alvarado v. State* (2001), 248 Ga.App. 810, 547 S.E.2d 616 (converting a sentence from concurrent into consecutive without increasing the total length of the sentence was not a more severe sentence as contemplated in *Pearce*).

All of the aforementioned cases support the view that *Pearce* applies only when the resentence results in a longer sentence than originally imposed. In multi-count situations, the judge imposes a sentence as a package, taking into consideration a myriad of factors. *Mancari,* 914 F.2d at 1019. Aside from the crimes being punished, the court considers "the accused's actual conduct during the

criminal enterprise, as well as his life, health, habits and background." *Id.* at 1020. These factors are considered because "[s]ociety has a strong interest in ensuring that, in our criminal jurisprudence, punishment 'will suit not merely the offense but the individual defendant.'" *Id.*, citing *Wasman*, 468 U.S. at 564, 104 S.Ct. at 3220, 82 L.Ed.2d at 430. See, also, *Alvarado*, quoting *Duffey*, 222 Ga.App. at 804, 476 S.E.2d at 91 (" '[T]he fact that two * * * counts were vacated does not lessen the severity of the crimes against [this child], and it certainly does not require the trial court to *reduce* appellant's sentence for the remaining counts * * *.' ") (Emphasis in original.)

Removing one or more counts from the package through a successful appeal does not necessarily alter these other factors when the court resentences the defendant. *Mancari*, 914 F.2d at 1020. Instead, when one or more counts constituting the original sentence are vacated, the trial court should be able to review what remains and reconstruct the sentence in light of the original sentencing plan. *Soto–Alvarez*, 958 F.2d at 480, citing *United States v. Pimienta–Redondo* (C.A.1, 1989), 874 F.2d 9, 14, certiorari denied (1989), 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185. In other words, " 'if it is reasonably clear that the judge reshaped the impost merely as a means of bringing original sentencing intentions to fruition after some new development had intervened, a need for employing the *Pearce* presumption never arises.' " *Id.*, quoting *Pimienta–Redondo*, 874 F.2d at 13.

We agree with the reasoning of these courts. Nelloms did not receive an aggregate sentence on remand that was longer than he received originally. In fact, the length of his sentence remained exactly the same. Although the court at the resentencing hearing may have expressed some dissatisfaction with the outcome of the appeal, it also explained the reasoning for again imposing four consecutive life sentences. The trial court could not sentence Nelloms for the rapes that occurred in Kentucky, but it could still consider those actions by defendant when fashioning a sentence. Other crimes and acts committed by the defendant can be considered by the trial court when it imposes sentence. See *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895, certiorari denied (1991), 499 U.S. 954, 111 S.Ct. 1431, 113 L.Ed.2d 482. In this case, the trial court had a jury verdict finding that Nelloms in fact committed these other crimes. The trial court properly considered this fact when fashioning a sentence that would not only fit the crimes being sentenced but also fit the defendant.

Additionally, the trial court did not indicate at the original sentencing any specific reason why certain counts were to run concurrently and certain counts were to run consecutively. Evidently, the court concluded that Nelloms deserved four consecutive life sentences, so the counts were fashioned to obtain that result.

The court could just as easily have sentenced the Ohio counts as consecutive and the Kentucky counts concurrent to those. Cf. *Mancari,* 914 F.2d at 1019. The court should not be prohibited from imposing the same sentence it originally intended just because it chose the wrong counts to run consecutively. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *United States v. DiFrancesco* (1980), 449 U.S. 117, 135, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344.

▪ Based on the foregoing, we hold that when one or more counts of a multicount conviction are vacated and remanded, a court does not violate the principles of *Pearce* as long as the aggregate length of the new sentence does not exceed the total length of the original sentence. The sentence for each individual count need not remain the same, provided defendant's total sentence does not increase. We find that the trial court sentenced Nelloms on remand to the same aggregate sentence as originally imposed, and therefore *North Carolina v. Pearce* does not apply. Accordingly, Nelloms's sole assignment of error is overruled. Judgment and sentence affirmed.

*Judgment affirmed.*

WOLFF, P.J., and GRADY, J., concur.