## A03A1761. BLAKE v. THE STATE.
(592 SE2d 437)

RUFFIN, Presiding Judge.

Melvin Blake appeals the trial court's denial of his motion to withdraw his guilty plea to the charge of kidnapping. For reasons that follow, we vacate the kidnapping conviction and remand for resentencing.

The facts are not in dispute. A DeKalb County grand jury returned an eight-count indictment against Blake, charging him with serious injury by vehicle (two counts), driving under the influence of alcohol, reckless driving, failure to maintain lane, driving with a suspended license, no proof of insurance, and kidnapping with bodily injury. Blake pled guilty to all eight counts and was sentenced to twenty-five years, ten years to serve in prison. Blake subsequently filed a motion to withdraw his guilty plea as to kidnapping. At the hearing on the motion, Blake and the State stipulated that venue for the kidnapping charge was improper. The trial court accepted the stipulation, but denied Blake's motion. The court found that the kidnapping plea did not occur in isolation, that all offenses were part of a single nonnegotiated plea agreement and one sentencing scheme, and that Blake could not withdraw his plea as to only one count.

On appeal, Blake argues that DeKalb County lacked jurisdiction over the kidnapping count because venue was improper, that his trial counsel failed to inform him of this fact, and that he would not have pled guilty to that count had he known. The State concedes that DeKalb County did not have jurisdiction over the kidnapping charge, because venue was improper and was not knowingly waived by Blake.

Where venue is improper, and has not been waived, there is no jurisdiction and the ensuing judgment is void.[1] Accordingly, we vacate the conviction and sentence for kidnapping and remand for resentencing on the remaining counts.

*Judgment vacated as to kidnapping count and case remanded for resentencing. Smith, C. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 2003.

*Carnesale & Delan, Charles C. Flinn*, for appellant.

---

[1] See *Patterson v. State*, 162 Ga. App. 455, 456-457 (291 SE2d 567) (1982).

*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney*, for appellee.