OPINION
{¶ 1} Luis Macias is appealing from the resentencing for his convictions of one count of aggravated robbery and one count of aggravated burglary following his partially successful appeal of his original sentences, which included two counts of aggravated robbery and firearm specifications as to all the counts.
 {¶ 2} In his first appeal from the original convictions, we upheld the count one aggravated robbery conviction and the count three aggravated burglary convictions, but we reversed the aggravated robbery conviction in count two and reversed both firearm specification convictions as to counts two and three. We remanded the case for retrial upon the surviving charges. The State, however, chose not to retry Macias on these issues by dismissing count two in its entirety and the firearm specification as to count three. Macias was then resentenced by the trial court in the aggregate total of eleven years, which is the same aggregate total, but refashioned differently, in his first set of sentences.
 {¶ 3} His appointed counsel filed an Anders brief which set forth the facts of the case and concluded that there were no meritorious issues for appeal. In addition, however, counsel discussed at length a possible assignment of error, as follows:
 {¶ 4} "1. The court was without authority to re-sentence appellant to the identical sentence it originally imposed where one count had been dismissed and a second count had been amended to exclude a firearms specification."
 {¶ 5} On July 2, 2004, we informed Macias of the fact that his counsel had filed an Anders brief and credited him sixty days from that date to file a pro se brief, if any. At Macias' request, by letter, we extended the time for filing his pro se brief to September 13, 2004. No such pro se brief has been filed.
 {¶ 6} Macias' counsel, in his Anders brief, did discuss whether the fact that the second round of sentences impose the same amount of incarceration time as the first round of sentences raise the issue of vindictiveness pursuant to the Supreme Court case of North Carolina v. Pearce (1969), 395 U.S. 711, but concluded that the issue is controlled by a prior decision of ours that a second round of sentencing which imposes an incarceration time that does not exceed the total length of the original sentence does not raise a vindictiveness or abuse of discretion issue. State v. Nelloms (2001), 144 Ohio App.3d 1. Counsel for the appellant is correct. We agree that this would not be a meritorious issue for review, and we find no others after a thorough examination of the record of the proceedings in this case.
 {¶ 7} The judgment appeal from will be affirmed.
Fain, P.J. and Brogan, J., concur.