## A04A1745. BLAKE v. THE STATE.
### (612 SE2d 589)

ADAMS, Judge.

On a prior appeal, this Court vacated a kidnapping count against Melvin Blake and remanded the case for resentencing. *Blake v. State*, 264 Ga. App. 782 (592 SE2d 437) (2003). Blake now appeals his revised sentence.

A DeKalb County grand jury returned an eight-count indictment against Blake arising out of a car accident that left the victim severely injured and paralyzed. Blake pleaded guilty to all counts and was sentenced as follows:

Count 8 (kidnapping) — twenty years, to serve ten in prison;
Count 1 (serious injury by vehicle) — five years probation consecutive to Count 8;
Counts 2 & 3 (merged with Count 1); and
Counts 4-7 (misdemeanors) — 12 months each, to serve concurrent to Count 8.

All tolled, Blake was sentenced to twenty-five years, ten years to serve in prison and fifteen on probation.

Blake subsequently filed a motion to withdraw his guilty plea as to the kidnapping charge on the ground that venue was not proper, a ground to which the State stipulated, and that he would not have pleaded guilty to that charge in DeKalb County if his counsel had properly advised him. The trial court refused to allow Blake to withdraw the kidnapping plea in isolation and denied the motion. On appeal, this Court vacated the kidnapping conviction (Count 8) for lack of venue and remanded the case for resentencing "on the remaining counts." See *Blake*, 264 Ga. App. at 782.

Upon remand, the trial court sentenced Blake as follows:

Count 1 (serious injury by vehicle) — five years to serve in prison;
Counts 2 & 3 merge with Count 1;
Count 4 — 12 months on probation consecutive to Count 1;
Count 5 — 12 months on probation consecutive to Count 4;
Count 6 — 12 months on probation consecutive to Count 5; and
Count 7 — 12 months probation consecutive to Count 6.

All tolled, Blake was sentenced to nine years with five to serve and four on probation. In the order, the judge indicated (1) that in both his original and revised sentences he exercised his discretion in fashioning "a single sentencing scheme" in an effort to punish Blake for the victim's severe injuries, (2) that the criminal acts were all part of a single criminal event involving a single victim, and (3) that the new

sentence "is not intended to penalize the defendant in any way for exercising his right to appeal."

1. Blake contends that the trial court was not permitted to change his sentence for serious injury by vehicle from five years probation to five years in prison without a reason, because to do so raises a presumption of unconstitutional vindictiveness on the part of the trial judge under *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969).

*Pearce* established that "[t]here is no absolute constitutional bar to imposing a more severe sentence upon resentencing, but vindictiveness must not be the motivating force behind the increased sentence." *Anthony v. Hopper*, 235 Ga. 336, 337 (1) (219 SE2d 413) (1975), citing *Pearce*. Accordingly, if a judge plans to impose a more severe penalty upon resentencing, the record must affirmatively show "objective information justifying the increased sentence." (Citations and punctuation omitted.) *Texas v. McCullough*, 475 U. S. 134, 142 (106 SC 976, 89 LE2d 104) (1986).

The first question to be answered is whether Blake's sentence was, in fact, increased, because the *Pearce* presumption applies only when a judge "imposes a more severe sentence" on resentencing. *Wasman v. United States*, 468 U. S. 559, 565 (104 SC 3217, 82 LE2d 424) (1984). The answer in this case turns on whether severity of the new sentence is judged on a count-by-count basis or in the aggregate on all counts.

In *Anthony*, the Supreme Court of Georgia held that even though Anthony's new sentence was the same as the aggregate of his original sentence on multiple counts, where the sentence for an individual count had increased from five years to serve to eight years to serve, his sentence had been increased for the purpose of *Pearce*. *Anthony*, 235 Ga. at 337 (1). Accordingly, under *Anthony*, we look to the individual counts to answer the question.

Under that analysis, we must determine whether resentencing Blake on Count 1 from five years on probation to five years in prison constitutes an increased or more severe sentence. The case of *Edge v. State*, 194 Ga. App. 466 (391 SE2d 18) (1990), is instructive. In *Edge*, the defendant pleaded guilty to burglary and was sentenced to 20 years probation. After he began to serve the sentence, the trial court resentenced the defendant to twenty years, three to serve and seventeen years on probation because the probation detention center had refused to accept him. Id. at 467. On appeal, this Court applied the rule that once the defendant began serving his sentence, the trial court did not have the authority *to increase* the defendant's sentence. Id. In so doing, the court necessarily held that the change from probation time to prison time constituted an increased sentence. Id. See also *Inman v. State*, 124 Ga. App. 190, 192 (1) (183 SE2d 413)

(1971) (whether change in sentence from two years probation to one year of confinement constituted an increase in punishment does not merit discussion). Cf. *Thompson v. State*, 154 Ga. App. 704 (269 SE2d 474) (1980) (implying that eliminating probationary aspects of original sentence constitutes a more severe sentence under *Pearce*).[1] Based on the above authority, we hold that Blake received a more severe sentence on Count 1 when he was resentenced from five years on probation to five years in prison.

The State argues that under the reasoning of two cases from this Court, Blake did not receive a more severe sentence. See *Duffey v. State*, 222 Ga. App. 802 (476 SE2d 89) (1996); *Alvarado v. State*, 248 Ga. App. 810 (547 SE2d 616) (2001). These two decisions involve multiple count indictments arising out of the same facts and circumstances where the trial court supposedly sentenced the defendant under a "comprehensive sentencing scheme." These cases suggest that the *Pearce* presumption may not be applicable in such a case, where some subset of the counts are lost on appeal, so long as the aggregate sentence on all counts does not increase upon resentencing. But we find these decisions not applicable here.

In *Duffey*, the convictions and sentences on two of the five pertinent counts were vacated because they should have been merged with two counts that were greater offenses. *Duffey*, 222 Ga. App. at 803 (1). The two greater offenses "subsumed the acts of [the lesser offenses] as a matter of fact." Id. The sentences on the two greater counts were also vacated "because they were dependent on (concurrent to) the vacated convictions and sentences for [the lesser offenses]." Id. The case was then remanded for resentencing. Duffey later claimed that the *Pearce* presumption applied to his resentencing because his new sentences on the two greater offenses, although the same length as the original sentences, were to run consecutively rather than concurrently. We held that the distinction was not meaningful under the facts of the case. With regard to these four counts, the court was simply resentencing the defendant for the greater offenses rather than the lesser offenses for the exact same conduct against the same victim. And the court did not increase the sentence on any individual count; rather it only changed some of the sentences from concurrent to consecutive. Accordingly, the *Pearce* presumption did not apply.

*Alvarado* is similar. In that case, convictions and sentences on two of six counts arising out of the same conduct against the same victim were reversed because the State failed to present sufficient

---

[1] Compare *Staley v. State*, 233 Ga. App. 597, 599 (505 SE2d 491) (1998) (a change in the conditions of probation is not necessarily an increase in sentence).

evidence to support them. *Alvarado*, 248 Ga. App. at 810. When the trial court resentenced the defendant on the remaining counts, one of which had been merged with the vacated counts, the defendant received the same sentence in the aggregate as he had at the original sentencing. Id. The judge accomplished this by giving the defendant a sentence on the now unmerged count and by converting two twenty-year sentences on other counts, from concurrent to consecutive sentences. Id. at 810-811 (1). The *Pearce* presumption was held not to apply because the aggregate sentence had not been increased.

In both *Duffey* and *Alvarado*, the trial judge was resentencing the defendant for all of the crimes charged against the defendant arising out of the same facts and circumstances that were properly before that court. Accordingly, use of the aggregate sentence for the purpose of determining whether the *Pearce* presumption applies was deemed appropriate.

In this case, Blake successfully argued that the trial court did not have jurisdiction over the kidnapping charge and that he would not have pleaded guilty to that charge if his counsel had properly advised him. *Blake*, 264 Ga. App. at 782. Therefore this Court vacated the conviction and sentence on that charge. As Blake points out, he is still subject to being prosecuted for kidnapping in the proper venue. "The failure to establish venue does not bar re-trial in a court where venue is proper and proven." (Citations and punctuation omitted.) *Grier v. State*, 275 Ga. 430, 431 (1) (569 SE2d 837) (2002). Accordingly, the judge in the present case is no longer presiding over all of the charges arising out of the same facts and circumstances. Another judge in another court could sentence Blake for the kidnapping charge. We therefore find that the "sentencing-scheme" reasoning in *Duffey* and *Alvarado* is inapplicable.

Finally, we are mindful that the *Pearce* requirements do not apply in every case where a convicted defendant receives a higher sentence on retrial. *McCullough*, 475 U. S. at 138. We also note that the United States Supreme Court has indicated that the application of the *Pearce* presumption should be limited

> to circumstances where its objectives are thought most efficaciously served. Such circumstances are those in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.

(Citations and punctuation omitted.) *Alabama v. Smith*, 490 U. S. 794, 799-800 (109 SC 2201, 104 LE2d 865) (1989). See also *Chaffin v.*

*Stynchcombe*, 412 U. S. 17, 25 (93 SC 1977, 36 LE2d 714) (1973) (the *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against *vindictiveness* in the resentencing process") (emphasis in original).

Nevertheless, we hold that under the facts of this case, by converting Blake's sentence on Count 1 from probation to time in prison, the judge gave Blake a more severe punishment for the purposes of *Pearce*, and that, therefore, the *Pearce* presumption of vindictiveness applies.

2. In the resentencing order, the trial court attempted to dispel the presumption of vindictiveness by stating that the new sentence was not intended to penalize the defendant for exercising his right to appeal. But the court did not set forth objective information justifying the increased sentence, such as any new conduct by Blake, a change in circumstances, or any other reason as is required under *Pearce*. See *Crudup v. State*, 191 Ga. App. 551 (382 SE2d 391) (1989). Furthermore, the trial court stated in the resentencing hearing that "I am going to do what is consistent with my decision in not allowing him to withdraw the kidnapping plea in isolation." This statement could be read to suggest that the trial court was punishing Blake for kidnapping even though the court had no venue over that matter.

The trial court was authorized to increase Blake's sentence upon remand, but only upon a showing of objective information justifying the increased sentence. Therefore, the case is remanded for reconsideration of the sentence so that it conforms with the law established by *Pearce* and its progeny.

*Judgment reversed and case remanded with direction. Ruffin, C. J., concurs. Bernes, J., concurs and concurs specially.*

BERNES, Judge, concurring and concurring specially.

I concur because I agree with the majority that the binding precedent of *Anthony v. Hopper*, 235 Ga. 336, 337 (1) (219 SE2d 413) (1975), controls the methodology as well as the outcome in this case. However, I write specially to explain why I believe the "count-by-count" approach adopted in *Anthony* can create unintended consequences in cases like the present one, where the presumption of vindictiveness applies even though the record provides no real evidence of actual vindictiveness by the trial judge during resentencing.[2]

---

[2] While an isolated statement made by the trial judge "could be read to suggest" vindictiveness during resentencing, that one statement must be read in context with the other comments made by the trial judge during the course of the two hearings conducted for purposes of resentencing. See *Phillips v. State*, 275 Ga. 595, 599 (8) (571 SE2d 361) (2002) (noting that

In *Anthony*, the Supreme Court of Georgia determined that the defendant's new sentence was more severe than his initial sentence — and thus that the presumption of vindictiveness should apply under *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969) — by comparing the new sentence and initial sentence on a count-by-count basis, rather than in the aggregate. *Anthony*, 235 Ga. at 337 (1). Here, the presumption of vindictiveness applies under *Anthony* because Blake's sentence increased as to Count 1, the serious injury by vehicle count, even though Blake's sentence as a whole was *reduced* by the trial judge on remand.[3]

The presumption applies, even though there is no real evidence of actual vindictiveness by the trial judge. Rather, the record reflects that the trial judge was concerned about sentencing the defendant to probation on the only remaining felony count, serious injury by vehicle, once the kidnapping count had been vacated. When defense counsel suggested that Blake's probation sentence on the felony count could not be changed on remand, the trial judge stated: "And so, your version of it is — is I'm faced with serious injury by vehicle; I'm obligated to sentence him to five years on probation?" Later during the resentencing, the judge reiterated his concern: "I understand that and the reality of it is, I would have never sentenced him to five years on probation for serious injuries by vehicle. If I hadn't had the ten years service time [on the kidnapping count] . . . to precede that."[4]

The trial judge's concern about resentencing Blake only to probation on the felony count is not surprising, given that the trial judge had presided over Blake's original plea and sentencing, where it was explained that the victim in this case was seriously injured and became paralyzed from the waist down as a result of Blake's wrecking the vehicle in which she was a passenger. Blake wrecked the vehicle while intoxicated, and while he was driving approximately 95 miles per hour. Indeed, Blake had five previous DUI convictions, and he was driving the vehicle that he wrecked even though his driver's license had been suspended. Moreover, in addition to his DUI convictions, Blake had an extensive criminal record, including, among

---

trial judge's comment during sentencing that case "will be heavy on my heart" could not be viewed in isolation but had to be read in context). Read in that light, it is clear from the record as a whole that the trial judge was not punishing Blake on the kidnapping count over which he did not have venue. Rather, he was attempting to ensure that Blake received prison time rather than probation on the remaining felony count of serious injury by vehicle, given the serious nature of Blake's underlying conduct and his extensive prior criminal record, both of which are discussed below.

[3] Blake was previously sentenced to ten years imprisonment and fifteen years probation, but he was resentenced on remand to five years imprisonment and four years probation.

[4] The trial judge also affirmatively stated in his resentencing order that "this re-sentencing is not intended to penalize the defendant in any way for exercising his right to appeal."

other things, three prior felony habitual violator convictions, convictions for theft by taking, attempting to elude a law enforcement officer, obstruction of justice, and shoplifting, plus multiple probation violations. As a result of Blake's previous felony convictions, the judge originally sentenced Blake as a recidivist pursuant to OCGA § 17-10-7 (c).[5] Under these circumstances, it is hardly surprising that the trial judge would be opposed to resentencing Blake only to probation on the remaining felony count.

In my view, a framework under which the *Pearce* presumption is made to apply in such a context sweeps too broadly. When the presumption applies, we have held that it can be overcome only if the trial court's reasons for imposing the new sentence "affirmatively appear" on the record. *Kelley v. State*, 248 Ga. App. 721, 724 (2) (548 SE2d 357) (2001), quoting *Pearce*, 395 U. S. at 726. "Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring *after* the time of the original sentencing proceeding." (Emphasis supplied.) *Kelley*, 248 Ga. App. at 724. Given what must be shown to overcome the presumption, it ought to apply only in circumstances where there is a real likelihood of actual vindictiveness by the trial judge. See *Alabama v. Smith*, 490 U. S. 794, 799 (109 SC 2201, 104 LE2d 865) (1989) (noting that *Pearce* presumption "was premised on the apparent need to guard against *vindictiveness* in the resentencing process") (citation and punctuation omitted; emphasis in original). However, the "count-by-count" approach adopted in *Anthony* — under which the *Pearce* presumption applies if a defendant's sentence is increased on any one count during the course of resentencing — sweeps much more broadly and requires the presumption to apply in situations where, as here, actual vindictiveness is unlikely.

Perhaps recognizing as much, a majority of federal circuit courts of appeal that have addressed when to apply the *Pearce* presumption have rejected the "count-by-count" approach adopted by the Supreme Court of Georgia in *Anthony*. These courts instead employ the "aggregate package" approach. See *Sexton v. Kemna*, 278 F3d 808, 812-814 (8th Cir. 2002) (discussing application of *Pearce* as part of

---

[5] OCGA § 17-10-7 (c) provides:

Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

determining, in course of habeas corpus review, whether state appellate court unreasonably applied federal law); *United States v. Campbell*, 106 F3d 64, 67-69 (5th Cir. 1997) (surveying federal case law and adopting majority approach); *United States v. Sullivan*, 967 F2d 370, 374-375 (10th Cir. 1992); *United States v. Mancari*, 914 F2d 1014, 1021-1022 (7th Cir. 1990); *Kelly v. Neubert*, 898 F2d 15, 16 (3rd Cir. 1990); *United States v. Pimienta-Redondo*, 874 F2d 9, 16-18 (1st Cir. 1989) (en banc) (plurality); *United States v. Gray*, 852 F2d 136, 138-139 (4th Cir. 1988); *United States v. Bay*, 820 F2d 1511, 1512-1514 (9th Cir. 1987). See also *State v. Nelloms*, 759 NE2d 416, 419-421 (Ohio Ct. App. 2001) (surveying federal case law and adopting "aggregate package" approach). But see *United States v. Monaco*, 702 F2d 860, 885 (11th Cir. 1983); *United States v. Markus*, 603 F2d 409, 413 (2nd Cir. 1979).[6] Under the "aggregate package" approach, "courts compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe." *Campbell*, 106 F3d at 68.

I find these federal cases persuasive and believe that the "aggregate package" approach has advantages over the "count-by-count" approach for several reasons. First, the "count-by-count" approach is overly inclusive because it can lead to the application of the *Pearce* presumption in cases where, as here, the defendant's new sentence is *less* than his original sentence when viewed in the aggregate, hardly a circumstance where trial court vindictiveness is likely to be present.[7] See *Sullivan*, 967 F2d at 375 (noting that vindictiveness claim in

---

[6] The minority federal approach adopted by the Second and Eleventh Circuit Court of Appeals is also different from the "count-by-count" approach taken in *Anthony*. Under the approach adopted in these two circuits,

> appellate courts compare the [trial] court's aggregate sentence on the nonreversed counts after appeal with the original sentence imposed on those same counts before appeal. If the new sentence on the remaining counts exceeds the original sentence on those counts, the *Pearce* presumption attaches.

*Campbell*, 106 F3d at 68 (discussing and explaining majority and minority approaches).

[7] I recognize that even when a defendant's aggregate sentence is reduced on remand, there is still at least a possibility that the trial court acted vindictively (see *Kelly*, 898 F2d at 18; *Paul v. United States*, 734 F2d 1064, 1067, n. 3 (5th Cir. 1984)), particularly the closer the new sentence is to the initial sentence in terms of severity. However, even when the *Pearce* presumption does not apply, the defendant still is entitled to have his new sentence vacated if he presents evidence of actual vindictiveness (see *Alabama*, 490 U. S. at 799-800), and I see no reason why the closeness in severity of the two sentences cannot be one factor to consider as part of the analysis of whether actual vindictiveness was present. See, e.g., *Kelly*, 898 F2d at 18 (noting that reduction of aggregate sentence from seventeen to ten years, combined with the lack of any other evidence suggesting actual vindictiveness, indicated that trial court did not act with an improper motive). Furthermore, when the new aggregate sentence is less than but close to the initial sentence in terms of severity, a trial court can do much to dispel any concern over actual vindictiveness "by briefly stating its reasons for the new sentences" during the resentencing hearing. Id.; see also *Paul*, 734 F2d at 1067, n. 3.

context where defendant received a lighter sentence after remand for resentencing was simply "without merit"); *Kelly*, 898 F2d at 18 (noting that "*Pearce*'s per se prophylactic rule should not be mechanically applied when some of a defendant's individual sentences are increased, but his aggregate sentence is reduced on remand following a successful appeal"). "Where the sentencing judge's motivation cannot be called fairly into question, there is no need to indulge in the conjecture, and run the risks, which the *Pearce* presumption necessarily entails." *Pimienta-Redondo*, 874 F2d at 13.

Second, as the Fifth Circuit Court of Appeals has explained,

> the aggregate approach best reflects the realities faced by [trial] judges who sentence a defendant on related counts of an indictment. Sentencing is a fact-sensitive exercise that requires [trial] judges to consider a wide array of factors when putting together a sentencing package. When an appellate court subsequently reverses a conviction (or convictions) that was part of the original sentence, the [trial] court's job on remand is to reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal. The aggregate approach's inherent flexibility best comports with this important goal.

(Citations, punctuation and footnote omitted.) *Campbell*, 106 F3d at 68. See also *Pimienta-Redondo*, 874 F2d at 14.[8] Put another way, the "aggregate package" approach provides the trial court with a greater range of flexibility to effectuate its "original sentencing intent" when the initial sentencing package has become "unbundled" on appeal (*United States v. Shue*, 825 F2d 1111, 1115 (7th Cir. 1987)), particularly when all of the crimes committed by the defendant "were part and parcel of the same underlying unlawful conduct" (*Mancari*, 914 F2d at 1021), or when the character and criminal history of the defendant are significant under the circumstances. *Bay*, 820 F2d at 1514.

---

[8] The court in *Pimienta-Redondo* also explained:

[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the [trial] court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*Pimienta-Redondo*, 874 F2d at 14.

For these reasons, although I have concluded that the reasoning as well as the ultimate decision reached by the majority in this appeal is mandated by the binding precedent of *Anthony*, I also respectfully believe that the Supreme Court of Georgia should revisit that framework and consider modifying it or adopting the "aggregate package" approach utilized in a majority of federal courts. Such an approach would help ensure that a trial judge is not prohibited from increasing a defendant's sentence on a particular felony count on remand merely because the judge happened to choose the wrong felony count on which to initially sentence the defendant to probation, as occurred here.

DECIDED MARCH 23, 2005.

*Carnesale & DeLan, Charles C. Flinn*, for appellant.
*Jeffrey H. Brickman, District Attorney, Alison T. Burleson, Assistant District Attorney*, for appellee.