# Court of Appeals
# of the State of Georgia

ATLANTA,___June 10, 2014_____

*The Court of Appeals hereby passes the following order:*

## A14A1714. DAVID M. ALVARADO v. THE STATE.

A jury found David M. Alvarado guilty of three counts of child molestation, and his conviction was affirmed on appeal. See *Alvarado v. State*, 248 Ga. App. 810 (547 SE2d 616) (2001). Over a decade following his conviction, Alvarado filed a motion to vacate a void sentence, arguing the trial court erred in failing to merge the convictions for sentencing. The trial court denied the motion, and Alvarado filed this appeal.

As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But a claim that a trial court erred in failing to merge convictions is a challenge to the convictions, not to the sentence. *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). Thus, any appeal from an order denying or dismissing such a challenge to the convictions is subject to dismissal. See id.; *Harper v. State*, supra. Because Alvarado has not raised a valid void sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 06/10/2014
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*