A04A1764. KELLAM v. THE STATE.
(608 SE2d 729)

SMITH, Chief Judge.

Steven Lee Kellam was convicted by a Chatham County jury of DUI and violation of the open container law.[1] His motion for new trial was denied, and he appeals, asserting as his sole enumeration of error that the trial court had no authority to impose attendance at the Chatham County DUI court treatment program as part of his sentence.[2] We disagree and affirm.

---

[8] *Garmon*, supra.
[9] *Gibson*, supra.
[10] *Morgan*, supra.
[1] The jury acquitted Kellam on the charge of following too closely.
[2] The trial court suspended this portion of Kellam's sentence pending resolution of this appeal.

Kellam complains that the establishment of the Chatham County treatment program "by judicial edict is a manifest abuse of discretion" that exceeds the court's powers. OCGA § 42-8-35 provides: "The court shall determine the terms and conditions of probation and may provide that the probationer shall" comply with certain enumerated conditions. This Code section, however, is "not exclusive in its provisions but the court has authority to impose restrictions not specifically listed therein." (Citation and punctuation omitted.) *Falkenhainer v. State*, 122 Ga. App. 478, 479-480 (177 SE2d 380) (1970) (decided under former Ga. Code Ann. § 27-2711). "A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and the rehabilitative goals of probation. [Cit.]" *Harrell v. State*, 253 Ga. App. 440, 441 (1) (559 SE2d 155) (2002).

In addition, OCGA § 40-6-391 (c) (1) (D), (c) (2) (D), and (c) (3) (D) provide for the completion of a DUI risk reduction program as part of a defendant's sentence upon conviction; subparagraphs (c) (2) (E) and (c) (3) (E) provide for clinical evaluation of the need for a substance abuse treatment program and treatment if indicated. Such programs having been provided for in the statutory scheme, it is certainly within the trial court's discretion to mandate them as one of the conditions of probation.

> The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement.

(Citations omitted.) *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974).

Kellam also argues that the program is a denial of equal protection in that nonresidents are not required to attend. But Kellam specified in his notice of appeal that only certain limited portions of the record were to be transmitted to this court; no transcript of the trial or sentencing was requested. "[T]he burden is always on the appellant in asserting error to show it affirmatively by the record." (Citations and punctuation omitted.) *State v. O'Quinn*, 192 Ga. App. 359, 360 (1) (384 SE2d 888) (1989).

[T]his court will not consider factual assertions in the brief unsupported by the record. Neither will we assume error. Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel. Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review.

(Citations and punctuation omitted.) *Ross v. State*, 214 Ga. App. 385 (448 SE2d 52) (1994). Kellam has not presented any evidence on the record to support his claim that nonresidents are not required to attend the program, an assertion which the State denies. Nor has he presented any evidence to show the genesis, nature, or content of the program of which he complains.

The defendant in the present case has made only a general attack on the present sentence as being illegal, contending it is per se violative of public policy. There has been no showing in this case that the imposed condition . . . is unreasonable or otherwise fails to bear a logical relationship to the rehabilitative scheme of the sentence pronounced for this . . . crime. When this is considered against the background of the power and authority a trial judge has under the law to suspend a sentence under such rules and regulations as he deems proper, we cannot agree the present sentence "is illegal and void," as contended by the defendant. It has not been shown the trial judge abused his discretion in this case.

(Citation omitted.) *Collett*, supra at 670-671. Kellam having failed to support his assertions regarding the Chatham County DUI program with any citations to the record, he has presented nothing to show that the trial court abused its discretion in setting the terms of his probation.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 16, 2004.

*Robert P. Phillips III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Michael R. Tabarrok, Assistant District Attorney*, for appellee.