A06A1332. FAIR v. THE STATE.
(636 SE2d 712)

MILLER, Judge.

In April 1990, Kevin Leroy Fair was convicted of armed robbery and theft by receiving stolen property. The trial court sentenced Fair to serve 15 years for the armed robbery conviction and sentenced him to a probated sentence of 20 years for the theft by receiving stolen property conviction. The sentences were to run concurrently under OCGA § 17-10-10, since there was no stipulation that the sentences were to run consecutively.

After serving his fifteen years for armed robbery, Fair moved to vacate his twenty-year probated sentence for theft by receiving,

arguing that the maximum sentence for such conviction was ten years pursuant to OCGA § 16-8-12. The trial court resentenced Fair to a probated sentence of ten years for the theft by receiving conviction, such sentence to commence ten years after the beginning of Fair's imprisonment for the armed robbery conviction. As a result, Fair's revised probated sentence would end on the same date that it had been scheduled to end under the original sentence. Fair appeals, claiming that the trial court erred in failing to resentence him to a revised probated sentence running concurrently with his imprisonment for armed robbery and in requiring him to pay $5,000 for recoupment of indigent defense costs as a condition to his probation. We discern no error and affirm.

1. Fair asserts that the trial court erred in resentencing him and alleges that the revised sentence impermissibly increased his original sentence. We disagree.

Although *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), provides that vindictiveness may be presumed when a judge imposes a more severe punishment on resentencing, we have held that a concurrent sentence may be converted into a consecutive sentence without being considered "more severe" under *Pearce*. See *Duffey v. State*, 222 Ga. App. 802, 803-804 (2) (476 SE2d 89) (1996); see also *Alvarado v. State*, 248 Ga. App. 810, 811 (1) (547 SE2d 616) (2001) (converting sentence from concurrent to consecutive does not impermissibly increase the length of the sentence).

Here, setting the start date for Fair's ten-year probated sentence in February 1999 caused the first half of the sentence to run concurrent and the second half of the sentence to run consecutive to his imprisonment for armed robbery. It is within the trial court's discretion to set a sentence to run concurrently or consecutively, or to select another start date for service of a sentence to begin. *Jefferson v. State*, 209 Ga. App. 859, 863 (3) (434 SE2d 814) (1993); *Latham v. State*, 225 Ga. App. 147 (483 SE2d 322) (1997). Fair's revised probated sentence effected no change in the term of probation to be served following Fair's confinement for armed robbery, as both the original and revised sentences provided for five years of probation to be served consecutive to his confinement. As a result, the revised sentence was not more severe than the original sentence.

Fair also claims that the trial court's modified sentence is invalid because he had already served the maximum legal term for his theft by receiving conviction. The defendant, however, bears the burden of establishing that a sentence has been served. *Williams v. State*, 253 Ga. App. 10, 13 (5) (557 SE2d 473) (2001). Although Fair's original 20-year probated sentence was set to begin in February 1989, Fair did not produce evidence that he took any action either during his 15 years of incarceration or following his release to satisfy any of his

probation requirements. The record is silent as to any meetings between Fair and a probation officer, and Fair admitted that he had not paid any of the fines or other monetary penalties that were conditions of his probation. Under these circumstances, we cannot conclude that Fair has already satisfied the maximum legal sentence for theft by receiving. "[W]here the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm." (Punctuation omitted.) Id. at 10.

2. Fair also alleges that the trial court erred in requiring that he pay $5,000 for recoupment of indigent defense costs as a condition to his probation. This condition was set in Fair's original sentence and re-imposed by the trial court in resentencing. We have previously upheld probatory sentences that require the offender to repay indigent defense costs. See *Miller v. State*, 221 Ga. App. 718, 721 (472 SE2d 697) (1996); compare *Fowler v. State*, 184 Ga. App. 177, 178 (360 SE2d 918) (1987) (holding requirement to repay costs invalid without basis for determining offender's ability to pay).

Moreover, Fair did not object at sentencing to the re-imposition of the requirement that he pay $5,000 for recoupment of indigent defense costs. Indeed, his counsel specifically stated that Fair "can pay the money. It's just that having probation is very burdensome . . . and we want that corrected. That is why we are here before the Court." As a result, the trial court did not err in re-imposing as a condition of Fair's probation the payment of $5,000 for the recoupment of indigent defense costs.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 12, 2006 — 

*McNeill Stokes*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.