A06A1061. JOHNSON v. THE STATE.
(638 SE2d 406)

RUFFIN, Chief Judge.

Grady Lee Johnson pleaded guilty to one count each of driving under the influence (DUI);[1] theft by receiving stolen property; use of a license plate for concealing the identity of a vehicle; driving with a suspended license; driving without proof of insurance; and failure to maintain lane. The trial court accepted a negotiated plea and sentenced Johnson to 12 months confinement on the DUI charge. With

---

[1] We note that although the trial court specifically stated that this was Johnson's "eighth DUI," it is not clear from the record whether he was sentenced under OCGA § 40-6-391 (c) (1), (c) (2), or (c) (3), which enumerate different sentencing requirements depending upon whether the violation was a first or subsequent conviction, a second conviction within a five-year period of time, or a third conviction within a five-year period. Clarification of this issue does not, however, affect our analysis.

respect to each of the remaining counts, the court sentenced him to 12 months probation with specific conditions and fees.[2]

In Johnson's sole enumeration of error, he asserts that the trial court erred in imposing special fees and conditions of probation, which he contends are unique to a DUI sentence. Specifically, he cites the probation conditions requiring that he attend a DUI risk reduction course,[3] perform 40 hours of community service,[4] and pay a $25 photograph fee,[5] a $25 DUI victim fee,[6] a $25 crime lab fee, and a $100 brain/spinal cord fee.[7]

1. The State concedes that the imposition of three of the surcharges was erroneous. Specifically, the State agrees that the $100 brain/spinal cord fee and the $25 DUI victim surcharge are contingent upon the imposition of a fine and should therefore be stricken because no fine was imposed on the DUI count.[8] The State further concedes that the $25 crime lab fee should be stricken because Johnson was not sentenced to probation on the DUI offense.[9] As we agree the conditions precedent were not met with regard to imposition of these fees, it follows the trial court was not authorized to impose them.[10] We thus vacate those portions of Johnson's sentence imposing the brain/spinal cord fee, DUI victim surcharge, and crime lab fee, and remand for resentencing consistent with this opinion.[11]

2. Johnson also challenges the remainder of the special probation conditions imposed upon the five non-DUI counts. According to Johnson, the requirements that he complete a DUI risk reduction course, perform 40 hours of community service, and pay a $25 photograph fee are unlawful because they are peculiar to a DUI

---

[2] The probation for three of the charges was consecutive and the probation for the remaining two was concurrent. The total sentence was for a term of 48 months, with the first 12 months in confinement and the remaining 36 on probation.

[3] See OCGA § 40-6-391 (c) (1) (D), (c) (2) (D) or (c) (3) (D).

[4] See OCGA § 40-6-391 (c) (1) (C), (c) (2) (C) or (c) (3) (C).

[5] See OCGA § 40-6-391 (j) (1), (2) (regarding publication of notice and photograph of person convicted of DUI a second time within five years and requiring that such person be assessed $25 for cost of publication of the photograph).

[6] See OCGA §§ 15-21-110; 15-21-112 (a) (regarding imposition of a fine upon DUI violator and providing that proceeds may be used to compensate innocent crime victims).

[7] See OCGA §§ 15-21-149; 15-21-150 (regarding imposition of a fine upon DUI violator and providing that proceeds shall be remitted to the Brain and Spinal Injury Trust Fund Commission).

[8] OCGA §§ 15-21-149 (a) (imposing an additional fine equal to ten percent of the original DUI fine); 15-21-112 (imposing an additional fine equal to the lesser of $26 or 11 percent of the original DUI fine).

[9] OCGA § 42-8-34 (d) (2) (imposing an additional fine upon a DUI violator who is sentenced to probation or a suspended sentence).

[10] See *Young v. State*, 163 Ga. App. 507, 508 (4) (295 SE2d 175) (1982).

[11] See id.

sentence, yet the trial court imposed those conditions with respect to the non-DUI offenses to which he pleaded guilty.

OCGA § 42-8-35 provides that the trial court "shall determine the terms and conditions of probation" and may impose certain enumerated conditions. This Code section is not exclusive, however, and the trial court has broad discretion to impose conditions not specifically listed therein, provided that they are "reasonably related to the nature and circumstances of the offense and the rehabilitative goals of probation."[12]

Here, the conditions at issue are arguably peculiar to a DUI conviction, particularly the DUI risk reduction course and the $25 photograph fee.[13] They are also, however, reasonably related to the nature of the offense and the rehabilitative goals of probation.[14] The DUI course requirement had rehabilitative value and certainly was relevant, considering that Johnson was sentenced to a DUI charge in this same case and had a lengthy DUI history.[15] The community service requirement had similar rehabilitative value. The requirement that Johnson pay a $25 fee so that his photograph could be taken and published served the dual purposes of rehabilitation and the protection of society.

Johnson entered into a negotiated guilty plea for multiple offenses, including DUI. As noted by the trial court, the DUI was Johnson's eighth such offense. Under these circumstances, we fail to see how the trial court abused its discretion in ordering certain conditions of probation otherwise associated with the DUI offense with regard to other offenses that arose out of the same incident.[16] Moreover, "[t]here is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety."[17] Here, Johnson has failed to cite any authority tending to demonstrate that a sentence such as this constitutes an abuse of discretion. Thus, he has failed to establish entitlement to reversal on this basis.

*Sentence vacated and case remanded. Smith, P. J., and Phipps, J., concur.*

---

[12] (Citations and punctuation omitted.) *Kellam v. State*, 271 Ga. App. 125, 126 (608 SE2d 729) (2004).

[13] See footnotes 3-5, supra.

[14] See *Kellam*, supra.

[15] See *Mangiapane v. State*, 178 Ga. App. 836 (1) (344 SE2d 756) (1986).

[16] See *Hannah v. State*, 280 Ga. App. 230, 236 (633 SE2d 800) (2006).

[17] (Punctuation omitted.) *Lynn v. State*, 236 Ga. App. 600, 604 (3) (512 SE2d 695) (1999); see also *Kellam*, supra ("In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved.").

DECIDED NOVEMBER 3, 2006.

*John T. Strauss*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.