S06G1832. THE STATE v. PLESS.

(646 SE2d 202)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Pless v. State*, 279 Ga. App. 798 (633 SE2d 340) (2006), to determine whether the General Assembly intended to eliminate the authority of trial courts to order restitution of court-appointed attorney fees when it passed the Georgia Indigent Defense Act of 2003. We answer in the negative

and we reverse the judgment of the Court of Appeals to the extent that it held otherwise. Id. at 804 (6).

Christopher Pless was charged by accusation with three counts of violating Henry County animal control ordinances; he was tried by a jury and found guilty as charged. Pless was sentenced to one day in jail plus 59 days on probation for the first offense, and 60 days on probation for each of the two remaining offenses. Among other conditions of probation, Pless was ordered to pay $1,226 in restitution to Henry County for the services of his court-appointed trial counsel. When imposing sentence, the trial court inquired whether Pless was able to pay the costs or whether it would be necessary for him to satisfy the indebtedness by performing community service. Pless' attorney responded, "Yes, Your Honor, he will be able to pay it." There was no objection to the restitution requirement.

Pless was represented by new counsel on motion for new trial and a claim of ineffective assistance of trial counsel was asserted. Trial counsel's failure to object to the restitution requirement was not raised within the context of the ineffective assistance claim or otherwise within the motion for new trial. After Pless' motion for new trial was denied, he appealed his convictions to the Court of Appeals. Again, Pless did not challenge the trial court's authority to order restitution of his court-appointed attorney fees. Nonetheless, the Court of Appeals addressed the issue sua sponte despite the lack of an objection below and despite Pless' failure to enumerate the issue as error on appeal.[1] In so doing, the Court of Appeals reversed the restitution portion of the sentence holding that the trial court was without legal authority to order reimbursement of attorney fees. The Court of Appeals set forth the rationale for its ruling, as follows:

> the governing statute [former OCGA § 17-12-10 (c) which expressly allowed a court to order reimbursement of attorney fees] was struck prior to trial and its replacement [Georgia Indigent Defense Act of 2003, OCGA § 17-12-1 et seq., effective December 31, 2003] does not contain any provisions authorizing a trial court to order a defendant to reimburse his court-appointed attorney fees.

*Pless*, supra at 804 (6).[2]

---

[1] In a related enumeration of error, however, Pless argued that the trial court erred in imposing fines and ordering restitution of court-appointed attorney fees "without first making specific findings of fact as to [his ability to pay]." The Court of Appeals summarily rejected that argument, noting: "Pless represented to the [trial] court that he had sufficient means to pay this amount." *Pless*, supra at 804.

[2] Pless' convictions were affirmed on all other grounds asserted.

The State moved for reconsideration seeking reinstatement of the trial court's order requiring restitution of court-appointed counsel's fees as a condition of probation. First, the State argued that Pless waived the issue by his failure to object below, and alternatively, that the trial court was authorized by law to order such restitution. The Court of Appeals addressed and rejected the State's contentions in an addendum to the opinion, and denied the motion for reconsideration. The court reasoned that because the trial court lacked authority to order restitution, "that portion of the sentence was void and a nullity," and may be declared so "regardless of a lack of objection in the trial court." *Pless*, supra at 805.

Our first inquiry is whether the trial court correctly ordered restitution of court-appointed attorney fees; if so, there is no basis to declare the sentence void, and in the absence of a contemporaneous objection below, the restitution issue was not preserved for appellate review. See *State v. Larocque*, 268 Ga. 352 (489 SE2d 806) (1997) (in order to preserve a point of error for review, counsel must make a proper objection on the record at the earliest possible time); *Fair v. State*, 281 Ga. App. 518 (2) (636 SE2d 712) (2006).[3]

Although former OCGA § 17-12-10 (c) expressly allowed a trial court to order reimbursement to the county for the costs of a court-appointed attorney when a defendant is able to pay such costs, that provision was eliminated with enactment of the Georgia Indigent Defense Act of 2003, effective January 1, 2004. The Court of Appeals correctly noted that OCGA § 17-12-10 (c) was no longer in effect at the time of Pless' sentencing on May 17, 2005; nonetheless, the court went on to conclude that repeal of the specific statute absolutely extinguished the trial court's authority to order reimbursement of the costs of legal representation.

It is well settled that

[t]he probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement.

---

[3] We note that the holding of the Court of Appeals in *Fair*, supra, is in direct conflict with its holding in *Pless*, supra, entered four months earlier.

*State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974). OCGA § 42-8-35 vests the sentencing court with the general power to impose reasonable conditions of probation. While that Code section sets forth certain enumerated conditions, those provisions are not exclusive and "the court has authority to impose restrictions not specifically listed therein." (Punctuation omitted.) *Kellam v. State*, 271 Ga. App. 125, 126 (608 SE2d 729) (2004).

Granted that the reimbursement provision was not included in the Indigent Defense Act, we have not been directed to any *express authority* which would *preclude* the trial court from ordering restitution of attorney fees as a reasonable condition of probation under OCGA § 42-8-35. Indeed, the Court of Appeals acknowledged that "the authority could have been interpreted as being available under the general statute [OCGA § 42-8-35] and associated court decisions," *Pless*, supra at 809, but nonetheless declined to validate that authority. Pless argues that the legislative intent to eliminate the authority must be presumed in light of the deletion of OCGA § 17-12-10 (c) from the 2003 Act. In contrast, the State relies on a subsequent act of the legislature, Ga. L. 2006, p. 710, § 6/SB 203, wherein the General Assembly amended the Indigent Defense Act, effective July 1, 2006, by adding Article 3A which sets forth a scheme whereby a trial court may impose as a condition of probation "repayment of all or a portion of the cost for providing legal representation and other expenses of the defense" to the state, county or municipality, respectively. OCGA § 17-12-51 (a)-(c). But our conclusion that the trial court retained the general authority to order reimbursement of attorney fees during the period from 2003 to 2006 is derived from authority of this Court granting broad powers to sentencing courts under OCGA § 42-8-35, unless expressly prohibited.

Having concluded that the trial court properly sentenced Pless to reimbursement of costs of his legal representation as a condition of probation, that aspect of the sentence was not a nullity. Therefore, the issue was not properly before the Court of Appeals and there was no authority for the court to address it sua sponte. See *Hess Oil & Chemical Corp. v. Nash*, 226 Ga. 706 (177 SE2d 70) (1970).

*Judgment reversed. All the Justices concur, except Sears, C. J., who dissents.*

SEARS, Chief Justice, dissenting.

Because the majority errs by concluding that OCGA § 42-8-35 authorizes a trial court to order a defendant who has previously been found to be indigent to reimburse the government for the attorney fees arising from his defense, I dissent to the majority opinion.

The introductory clause of OCGA § 42-8-35 provides that a trial court "shall determine the terms and conditions of probation and may

provide" that a probationer comply with any of 13 conditions of probation. Of those thirteen specific conditions, three are monetary conditions of probation that a trial court may impose.[4] Those three monetary conditions do not include a provision requiring a probationer to reimburse a local government for the cost of his attorney fees. The introductory clause of OCGA § 42-8-35, however, has been construed to authorize a trial court, "in the absence of express authority to the contrary," to exercise its discretion to impose any reasonable condition of probation.[5] For several reasons, I conclude that it is not a reasonable condition of probation to require a probationer to reimburse a local government for the fees of his court-appointed counsel.

First, in interpreting what is a reasonable condition of probation, we must bear in mind that OCGA § 42-8-35 is a criminal statute that must be construed in favor of defendants.[6] In addition, we also must consider that a Georgia court traditionally may award attorney fees only where specifically authorized by statute,[7] and that the General Assembly is presumed to have known this law when it enacted OCGA § 42-8-35.[8]

Because we must interpret the phrase "reasonable condition of probation" most favorably to Pless, and because the General Assembly did not specifically grant trial courts the authority to require the reimbursement of attorney fees as a condition of probation, I cannot interpret the general introductory clause of OCGA § 42-8-35 to authorize trial courts to condition probation on the reimbursement of fees for court-appointed counsel.[9]

Finally, requiring a probationer to reimburse a local government for his attorney fees is not a reasonable condition of probation because it is not " 'reasonably related to the nature and circumstances of the

---

[4] A trial court may require a probationer to "[m]ake reparation or restitution to any aggrieved person for the damage or loss caused by the probationer's offense," OCGA § 42-8-35 (a) (7); to "[m]ake reparation or restitution as reimbursement to a municipality or county for the payment for medical care furnished the person while incarcerated," OCGA § 42-8-35 (a) (8); and to "[r]epay the costs incurred by any municipality or county for wrongful actions by an inmate covered under the provisions of paragraph (1) of subsection (a) of Code Section 42-4-71," OCGA § 42-8-35 (a) (9).

[5] *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974).

[6] See *Chatman v. Findley*, 274 Ga. 54, 55 (548 SE2d 5) (2001).

[7] *Harrison v. Harrison*, 208 Ga. 70, 70 (65 SE2d 173) (1951). See *Bennett v. State*, 210 Ga. App. 337 (436 SE2d 40) (1993) ("There is no statutory authority in Georgia that authorizes attorney fees in a criminal action.").

[8] *Butler v. State*, 281 Ga. 310, 311 (637 SE2d 688) (2006); *Flint Elec. Membership Corp. v. Ed Smith Constr. Co.*, 270 Ga. 464, 466 (511 SE2d 160) (1999).

[9] See *United States v. Turner*, 628 F2d 461, 467 (5th Cir. 1980) (interpreting then existing probation statute, 18 USC § 3651, which was similar to OCGA § 42-8-35, not to permit district court to condition probation on the reimbursement of fees for court-appointed attorney), cert. denied, 451 U. S. 988 (101 SC 2325, 68 LE2d 847) (1981).

offense and the rehabilitative goals of probation.' "[10] In this regard, the federal supervised release statute[11] has been interpreted not to permit federal district courts to require a defendant to pay attorney fees as a condition of supervised release. Under the supervised release statute, a district court has the general authority to impose conditions of release that, among other things, are " 'reasonably related' to the goals of rehabilitation, deterrence, protection of the public, and training or treatment."[12] Several federal courts have concluded that the reimbursement of counsel fees is not related to any of the foregoing factors.[13] Similarly, I conclude that conditioning probation on the repayment of attorney fees is not reasonably related in any tangible way either to Pless's violations of the Henry County animal control ordinances or to his rehabilitation. Therefore, I conclude that it is not a reasonable condition of probation to permit trial courts to require indigent probationers to pay the fees of their court-appointed counsel.

For the foregoing reasons, I dissent to the majority opinion.

DECIDED JUNE 4, 2007.

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellant.

*E. Suzanne Whitaker*, for appellee.

*Joseph H. Cowart, Fredric D. Bright, Charles C. Olson*, amici curiae.

---

[10] *Kellam v. State*, 271 Ga. App. 125, 126 (608 SE2d 729) (2004), quoting *Harrell v. State*, 253 Ga. App. 440, 441 (559 SE2d 155) (2002). Accord *Collett*, 232 Ga. at 670 (conditions of probation have traditionally been used as a tool to promote rehabilitation).

[11] 18 USC § 3583.

[12] *United States v. Eyler*, 67 F3d 1386, 1394 (9th Cir. 1995) (summarizing some of the requirements of 18 USC § 3583 (d)).

[13] *Eyler*, 67 F3d at 1393-1394; *United States v. Evans*, 155 F3d 245, 249-250 (3rd Cir. 1998). But see *United States v. Merric*, 166 F3d 406, 411-412 (1st Cir. 1999) (concluding that the repayment of attorney fees can be made a condition of supervised release).