**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 7, 2013**

# In the Court of Appeals of Georgia

A12A1948. PRICE v. THE STATE.

BOGGS, Judge.

Sean Price was indicted on four counts of child molestation, and one count each of invasion of privacy and furnishing alcohol to a minor for conduct involving his 14-year-old stepdaughter. A jury found him guilty of invasion of privacy and acquitted him of the remaining charges. Following the denial of his amended motion for new trial, Price appeals, enumerating several errors. Having reviewed these claims, we discern no error and affirm.

The evidence showed that Price's wife discovered a videotape hidden in a pack of cigarettes (a brand Price smoked ) in a toolbox in the garage. The videotape reveals Price setting up the video camera while his 14-year-old stepdaughter H. Y. showered. The videotape showed the stepdaughter walk into her room with a towel wrapped

around her and then shows her naked before she got dressed. H. Y. testified that she did not give Price permission to videotape her and that she was unaware that he had recorded her.[1]

Price testified in his own defense that he set up the video camera to record H. Y.'s activities at the request of his wife who was concerned because H. Y. was "starting to like boys," had lied to her mother, and had taken a change of clothes to school. He explained that his wife directed him to record H. Y.'s activities to "see where the drugs are hidden, maybe see just what is going on, just normal teenage stuff, make sure she wasn't doing anything that she wasn't supposed to be doing." Price stated that after he recorded H. Y. that day, he turned off the video recorder and gave the videotape to his wife. He stated further that he was unaware of what was recorded until the videotape was played at trial.

1. Price first argues that the trial court erred in denying his pre-trial motion to sever offenses. But Price has failed to include a transcript of the hearing on the motion to sever or a statutorily authorized substitute (see OCGA § 5-6-41 (g)). In the

---

[1]H. Y. also testified that Price kissed her and put his tongue in her mouth, touched her vagina, put her hand on his penis, gave her a pornographic magazine, a vibrator, and lingerie, and furnished her with wine coolers. These allegations formed the basis of the charges against Price for four counts of child molestation and one count of furnishing alcohol to a minor. The jury acquitted Price on these counts.

absence of a transcript of the hearing on the motion, we must assume that after hearing the evidence, the trial court correctly exercised its discretion in denying the motion. *Glass v. State*, 289 Ga. 542, 546 (3) (712 SE2d 851) (2011).

2. Price contends that the State failed to prove that the video was taken without the consent of all persons observed in that H. Y.'s younger sister "did not testify at trial that the video was taken without her consent even though she was observed on the video." OCGA § 16-11-62 provides in part: "It shall be unlawful for: . . . (2) Any person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view[.]" Price argues that because the videotape briefly shows H. Y.'s younger sister, and the younger sister did not testify at trial, the State failed to prove that the recording was made "without the consent of all persons observed."

Price's reading of the statute is incorrect. The statute does not require the State to show that each individual person observed did not give consent for the recording; rather it requires evidence that the recording was made without the consent of *all* persons. Because the evidence showed that H. Y. did not give her consent to be recorded, Price clearly did not have the consent of *all* persons. The evidence was therefore sufficient to sustain Price's conviction for invasion of privacy. See, e. g.,

3

*Kelley v. State*, 233 Ga. App. 244, 247 (2) (503 SE2d 881) (1998) (invasion of privacy charge based upon photographing victim while she was passed out nude).

3. In two enumerations, Price argues his sentence was illegal because the trial court sentenced him to a "Men's Detention Center program" for 48 months as a condition of probation. He contends that the sentence "usurp[s] the power of the Department of Pardons and Paroles" and was "intended for punishment purposes only."

> Former OCGA § 42-8-35.4, applicable to Price's sentence in 2010, provided:
>
> (a) In addition to any other terms and conditions of probation provided for in this article, the trial judge may require that a defendant convicted of a felony and sentenced to a period of not less than one year on probation . . . shall complete satisfactorily, as a condition of that probation, a program of confinement in a probation detention center. Probationers so sentenced will be required to serve the period of confinement specified in the court order."[2]

Because Price was convicted of a felony, see OCGA § 16-11-69, and sentenced to five years of confinement, all of which was probated, Price's condition of probation requiring him to complete a detention center program for 48 months was authorized

---

[2]We note that the legislature amended this Code section in 2012 to provide that a program of confinement not exceed 180 days.

by former OCGA § 42-8-35.4. See *Johnson v. State*, 283 Ga. App. 425, 427 (2) (641 SE2d 655) (2007) (condition of probation requiring defendant to serve 20 to 24 months in probation detention center authorized by OCGA § 42-8-35.4). And the trial court was authorized to impose a sentence within the limits of the law. See, e. g., *Harris v. State*, 272 Ga. App. 650, 653 (5) (613 SE2d 170) (2005) (sentencing judge authorized by statute to set conditions of probation); *B. J. L. v. State*, 173 Ga. App. 317, 319 (4) (326 SE2d 519) (1985) (no error committed where court authorized by statute to set condition of probation). And "[t]his court will not disturb a sentence within the statutory limits." (Citation and punctuation omitted.) *Clark v. State*, 279 Ga. 243, 248 (8) (611 SE2d 38) (2005).

4. Price contends that the trial court was without authority to impose sex offender conditions of probation. He argues that he was not convicted of a "criminal offense against a victim who is a minor" or "dangerous sexual offense" as defined in OCGA § 42-1-12 and therefore could not be subject to sex offender conditions of probation. The record reveals that in sentencing Price, the trial court ordered that

Price, as an additional condition of probation, be "assigned to Sex Offender Supervision" and imposed 21 special conditions.[3]

"It is well settled that the probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved." (Citation and punctuation omitted.) *State v. Pless*, 282 Ga. 58, 60 (646 SE2d 202) (2007); see *Stephens v. State*, 305 Ga. App. 339, 347-348 (5) (c) (699 SE2d 558) (2010), aff'd, *Stephens v. State*, 289 Ga. 758 (2) (716 SE2d 154) (2011). And while OCGA § 42-8-35 vests the sentencing court with the general power to impose reasonable conditions of probation, those provisions are not exclusive and "the court has authority to impose restrictions not specifically listed therein." (Citation and punctuation omitted.) *Pless*, supra, 282 Ga. at 61.

Former OCGA § 42-8-35 (b) applicable to Price's sentence provided:

---

[3] We note that while the caption of these additional conditions of probation reads "Special Conditions of Probation - Sex Offenders," only 4 of the 21 conditions fall explicitly within the terms of OCGA § 42-8-35 (b) as conditions that a court may require of a probationer who has been convicted of a "criminal offense against a victim who is a minor" or "dangerous sexual offense."

(b) In determining the terms and conditions of probation for a probationer who has been *convicted of a criminal offense against a victim who is a minor* or *dangerous sexual offense* as those terms are defined in Code Section 42-1-12, the court may provide that the probationer shall be:

(1) Prohibited from entering or remaining present at a victim's school, place of employment, place of residence, or other specified place at times when a victim is present or from loitering in areas where minors congregate, child care facilities, churches, or schools as those terms are defined in Code Section 42-1-12;

(2) Required to wear a device capable of tracking the location of the probationer by means including electronic surveillance or global positioning systems. The department shall assess and collect fees from the probationer for such monitoring at levels set by regulation by the department;

(3) Required, either in person or through remote monitoring, to allow viewing and recording of the probationer's incoming and outgoing e-mail, history of websites visited and content accessed, and other Internet based communication;

(4) Required to have periodic unannounced inspections of the contents of the probationer's computer or any other device with Internet access including the retrieval and copying of all data from the computer

or device and any internal or external storage or portable media and the removal of such information, computer, device, or medium; and

(5) Prohibited from seeking election to a local board of education.

(Emphasis supplied.) In short, the trial court was authorized to impose those additional conditions listed in former OCGA § 42-8-35 (b) (1) - (5) if Price was convicted of a "criminal offense against a victim who is a minor" or a "dangerous sexual offense" as defined in OCGA § 42-1-12 (a) (9) (B) and (a) (10) (B).[4] While Price's conviction does not constitute a criminal offense under the majority of the offenses listed in those subsections, both subsections include "[a]ny conduct which, but its nature, is a sexual offense against a victim who is a minor."OCGA §§ 42-1-12 (a) (9) (B) (xi) and (a) (10) (B) (xix). And "criminal offense against a victim who is a minor" also includes "criminal sexual conduct toward a minor." OCGA § 42-1-12 (a) (9) (B) (iii).

"In determining whether the conduct toward the minor was sexual in nature, courts must look to the underlying facts of the conviction in question. This inquiry may include looking to the underlying facts as set forth in the indictment or

---

[4]This Code section was amended in 2011 and 2012, but the relevant subsections here were not affected.

accusation." (Citations omitted.) *Rogers v. State*, 297 Ga. App. 655, 656 (678 SE2d 125) (2009). Under the facts here, the trial court was authorized to conclude that Price's conduct of secretly videotaping his stepdaughter while she was in the nude was by its nature a sexual offense against a minor or criminal sexual conduct toward a minor. See *Brown v. State*, 270 Ga. App. 176, 180 (2) (605 SE2d 885) (2004) (trial court authorized to determine that act of public indecency in presence of minor fell within purview of OCGA § 42-1-12 as criminal sexual conduct toward a minor); see also *Morrell v. State*, 297 Ga. App. 592, 593 (677 SE2d 771) (2009) (cruelty to children conviction involved touching minor victim's breast and buttocks and was therefore "conduct which, by its nature, is a sexual offense against a victim who is a minor" pursuant to OCGA § 42-1-12 (a) (9) (B) (xi)). The court therefore did not err in exercising its broad discretion to impose upon Price special conditions of probation for sex offenders.

*Judgment affirmed. Doyle, P. J. and Andrews, P. J., concur.*