In the Supreme Court of Georgia

Decided: November 17, 2014

S14A1334. OWENS v. URBINA.

MELTON, Justice.

Following the trial court's ruling that permanently enjoined the Georgia Department of Corrections (GDC) from requiring Mario Urbina to register as a sex offender, Brian Owens, Commissioner of the GDC, appeals. For the reasons set forth below, we affirm.

The record shows that Urbina, a Georgia resident, taught piano lessons to children in Alabama. On February 1, 2012, Urbina was indicted in Alabama for (1) Enticing a Child to Enter for Immoral Purposes and (2) Sex Abuse of a Child Less than 12 Years of Age. It was alleged in the indictment that Urbina had sexual contact with a young female in a room at the church where he was teaching piano lessons. On April 26, 2012, Urbina entered into a negotiated plea with the State of Alabama to plead guilty to Interference with Custody, a Class

C felony in Alabama that is punishable for up to ten years in prison.[1] Unlike the initial indictment, which was nolle prossed, the information upon which Urbina was charged and convicted for Interference with Custody states only that Urbina "did knowingly take or entice a child under the age of 18, . . . from the lawful custody of [her] parent, guardian, or other lawful custodian." Urbina agreed to serve four years imprisonment, but the trial court later reduced the sentence to four years on probation. Subsequently, Urbina sought to transfer his probation supervision from Alabama to Georgia so that he could return to his Georgia residence and reunite with his wife and children.[2] The GDC informed Urbina that he would be required to register as a sex offender. Urbina then filed a Petition for Declaratory Judgment and Permanent Injunction in Fulton County Superior Court, seeking (1) a declaratory judgment stating whether he was required to register as a sex offender in Georgia and (2) a permanent injunction

---

[1] Ala. Code § 13A-6-45 (a) (1) provides: "A person commits the crime of interference with custody if he knowingly takes or entices: . . . Any child under the age of 18 from the lawful custody of its parent, guardian or other lawful custodian."

[2] It is undisputed that, because Urbina was a resident of Georgia at the time of his arrest, Georgia was required to accept his request to transfer his probation pursuant to the Interstate Compact for Adult Offender Supervision. See OCGA § 42-9-80 et seq.

to prevent GDC from requiring Urbina to register as a sex offender as a condition of transferring his probation supervision from Alabama to Georgia. On January 15, 2014, the trial court held, in relevant part:

> [Interference with Custody] is a felony in Alabama, but the elements of the offense are identical in substance to the Georgia crime of Interference with Custody, a misdemeanor. OCGA 16-5-45 (b) (1) (A)[3]. . . . Under Georgia law - and regardless of the underlying facts - a misdemeanor conviction does not trigger the sex offender registration requirement. See OCGA 42-1-12 (9) (c), (10) (c) (exempting misdemeanors from the definitions of "criminal offense against a victim who is a minor" and "dangerous sexual offense"). The Court acknowledges a general rule permitting courts to look to the conduct underlying an offense to determine whether registration is warranted, see, e.g., Price v. State, 320 Ga. App. 85 (2013). But this rule does not apply when the conviction at issue is for a misdemeanor, given the comprehensive exemption set forth in the statute. . . . The Court finds there is no rational basis for requiring [Urbina] to register as a sex offender when other persons convicted of the same crime would face no such conduct.

We reach the same judgment as the trial court, but employ different reasoning.

In relevant part, registration as a sex offender is required for any individual "convicted . . . of a *criminal offense against a victim* who is a minor"

---

[3] OCGA § 16-5-45 (b) (1) provides: "A person commits the offense of interference with custody when without lawful authority to do so, the person: (A) Knowingly or recklessly takes or entices any child or committed person away from the individual who has lawful custody of such child or committed person."

or who is a resident of Georgia and intends to reside in this state who is "convicted under the laws of another state or the United States . . . of . . . a *criminal offense against a victim* who is a minor." OCGA § 42-1-12 (e) (1) and (5). (Emphasis supplied.) A criminal offense against a victim who is a minor is defined, in part, as any "conduct which, by its nature, is a sexual offense against a victim who is a minor." OCGA § 42-1-12 (a) (9) (B) (xi).[4] However, a "conviction for a misdemeanor shall not be considered a criminal offense against a victim who is a minor." OCGA § 42-1-12 (a) (9) (C). As pointed out by the trial court, this misdemeanor exception appears to be without limitation.

As a result, for purposes of registration in Georgia, the parties argue extensively about whether Urbina's crime should be considered a felony pursuant to Alabama law or a misdemeanor pursuant to Georgia law. In addition, Owens argues that, irrespective of the classification of the punishment, the GDC should be allowed to impose registration requirements if the underlying criminal act constituted conduct towards a minor that was sexual in nature. See Price v. State, 320 Ga. App. 85 (4) (738 SE2d 289) (2013).

---

[4] The preceding subsections of this paragraph of the Code refer to criminal acts not relevant to this particular case.

4

Based on the record related to Urbina's actual conviction for Interference with Custody in Alabama as it now exists, which is limited to the facts contained in the information and guilty plea form, it cannot be said that the crime in issue is a "conviction resulting from an underlying sexual offense against a victim who is a minor." OCGA § 42-1-12 (a) (9) (A) (vii). The information, which is the only factual basis of record for Urbina's guilty plea, states that he "did knowingly take or entice a child under the age of 18, . . . from the lawful custody of [her] parent, guardian, or other lawful custodian." Even if this act could be considered a felony under Georgia law, it would not constitute a sexual offense. As a result, the trial court correctly determined that Urbina cannot be required to register as a sex offender in Georgia, though it employed different reasoning. See Ellis v. Johnson, 291 Ga. 127 (3) (728 SE2d 200) (2012) (right-for-any-reason rule).

Owens's arguments focusing on the underlying facts of Urbina's original indictment do not change this result. Though certainly troubling, those facts were the basis for the indictment that the State of Alabama nolle prossed. The factual basis set forth in the later information upon which Urbina was actually convicted are quite different, and it is the facts related to the *conviction*, not the

5

allegations relating to the abandoned indictment, which must control our analysis.

Based on this conclusion, we need not consider Owens's remaining arguments, including those requiring an equal protection analysis.

Judgment affirmed. All the Justices concur.