**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 4, 2021**

# In the Court of Appeals of Georgia

A20A2059. HUYNH v. THE STATE.

HODGES, Judge.

This is the second appearance of this case in this Court. In *Huynh v. State*, 347 Ga. App. XXVII (Aug. 1, 2018) (unpublished), we vacated Nghia Van Huynh's sentence because the Superior Court of Gwinnett County erred in sentencing Huynh to two 20-year terms in confinement for two counts of child molestation (Counts 4 and 13) without including a probationary term in the sentences. See OCGA § 17-10-6.2 (b) (2012); *State v. Riggs*, 301 Ga. 63 (799 SE2d 770) (2017). On remand, the trial court resentenced Huynh to two 15-year terms to serve 10 years in confinement on Counts 4 and 13.[1] Huynh now appeals from the trial court's denial of his motion

---

[1] Count 10, a third count of child molestation, does not appear to be a subject of this appeal.

to modify the sentences he received on resentencing, apparently arguing that he had been released from custody and could not lawfully be resentenced. We affirm.

In the first appearance of this case, we noted that

[o]n April 13, 2012, Huynh entered an *Alford* plea to three counts of child molestation and received an aggregate sentence of 40 years, with 25 years in confinement. The sentence was structured as twenty years to serve on Count 4; twenty years with the first five in confinement on Count 10, and twenty years to serve on Count 13. The sentence on Count 10 ran consecutively to that on Count 4, and the sentence on Count 13 ran concurrently with the other two counts.[2]

(Footnotes omitted.) Acting pro se, Huynh appealed from the denial of his motion to correct a void sentence, asserting that former OCGA § 17-10-6.2 (b) required that his sentences on Counts 4 and 13 include at least one year of probation. We agreed, vacated Huynh's sentences on Counts 4 and 13, and remanded the case to the trial court for resentencing.

During a September 14, 2018 resentencing hearing, Huynh attempted to raise arguments outside the scope of resentencing, including a claim that his original plea was not knowingly and voluntarily entered. The trial court determined that it did not

---

[2] Huynh's additional charges were dismissed by nolle prosequi as part of his plea agreement.

have jurisdiction to address Huynh's additional arguments, and instead sentenced Huynh in an October 3, 2018 resentencing order to fifteen years with the first ten in confinement each on Counts 4 and 13. The sentence for Count 13 ran consecutively to the sentence for Count 10,[3] which itself ran consecutively to the sentence for Count 4.[4]

On June 25, 2019, Huynh filed a timely pro se motion to modify his new sentences, contending that "some of the charges should have merged" and that "there is additional and relevant information that the court did not hear prior to sentencing." During the hearing on his motion, however, Huynh did not address these arguments; rather, he claimed that he "didn't do anything to the children" and that he was released from custody on August 29, 2018 but was immediately and unlawfully

---

[3] The trial court did not amend or modify Huynh's sentence on Count 10.

[4] The trial court entered an amended resentencing order on November 28, 2018 to clarify that Huynh's original guilty pleas were *Alford* pleas and to correct the aggregate terms of Huynh's new sentence from 15 years to serve 10 years in confinement to 40 years to serve 25 years in confinement. As a result, Huynh's aggregate sentence remained the same as his original sentence.

arrested again by Gwinnett County officers. The trial court denied Huynh's motion in a December 10, 2019 order, and this appeal followed.[5]

In two related enumerations of error,[6] Huynh contends that he was released by the Department of Corrections "for specific crimes" and taken to Gwinnett County to be resentenced on those same crimes "without implementing all aspects of due process of law, including arrest, formal charging, arraignment, etc."[7] He further

[5] At the hearings for Huynh's resentencing and his motion to modify his sentence, the trial court provided Huynh with an interpreter.

[6] We note that Huynh's appellant's brief contains neither citations of authority nor citations to the record. See Court of Appeals Rules 25 (a) (3), (c) (2). Nevertheless, in view of the short length of the record, we will exercise our discretion in this instance to consider Huynh's arguments.

[7] It appears that Huynh's argument is based, alternatively, upon a "Certificate of Discharge" which, Huynh claims, demonstrates that he had been released on parole by the Department of Corrections on August 29, 2018, or upon a belief that his sentence had been completed and that he was a "free man with all the liberty interests inherent thereof[.]". However, neither the "Certificate of Discharge" nor his affidavit are included in the record on appeal and are, instead, attached as exhibits to Huynh's appellant's brief. "[E]xhibits that are not in the record transmitted by the trial court cannot be considered by this Court." *Holland v. State*, 357 Ga. App. 87, 90 (2) (c) (850 SE2d 170) (2020); see also Court of Appeals Rule 24 (g) ("Do not attach documents or exhibits to appellate briefs. . . ."). Even had the arguments been properly presented, that Huynh may have been on parole when he was resentenced pursuant to this Court's order is of no significance. See OCGA § 42-9-42 (d) (1) ("The parolee *shall remain in the legal custody* of the [State Board of Pardons and Paroles] until the expiration of the maximum term specified in his or her sentence. . . .") (emphasis supplied); *Fair v. State*, 281 Ga. App. 518, 519 (1) (636 SE2d 712)

questions whether a resentencing under such circumstances would be a "legally valid sentence." We conclude that the trial court correctly denied Huynh's motion to modify his sentence.

"Whether to grant a motion to correct a sentence under OCGA § 17-10-1 (f) lies within the discretion of the trial court. So long as the sentence imposed by the court falls within the parameters prescribed by law, we will not disturb it." (Citation and punctuation omitted.) *Patterson v. State*, 347 Ga. App. 105, 107 (1) (817 SE2d 557) (2018). Relevant to this case, "a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years. . . ." OCGA § 16-6-4 (b) (1).

Here, the trial court resentenced Huynh to two terms of fifteen years with ten years to serve in confinement each on Counts 4 and 13. The trial court also directed that Huynh's sentence for Count 13 run consecutively to the sentence for Count 10, and that the sentence for Count 10 run consecutively to the sentence for Count 4, resulting in an aggregate sentence of 40 years to serve 25 years in confinement. As a threshold matter, then, these sentences fall within the statutory range of sentences

(2006) ("The defendant . . . bears the burden of establishing that a sentence has been served.").

5

for the offense of child molestation. See OCGA § 16-6-4 (b) (1). Moreover, it was within the trial court's discretion to impose consecutive sentences for Huynh's separate offenses of child molestation. See, e.g., OCGA § 17-10-10 (a) ("Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently *unless otherwise expressly provided therein.*") (emphasis supplied); *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006) ("a trial court has discretion to impose consecutive sentences for separate offenses").

And while Huynh's aggregate sentence was the same, the sentences for each individual offense were less severe than his original sentences. See, e.g., *Johnson v. State*, 307 Ga. App. 499 (705 SE2d 303) (2010) ("Due process prohibits the imposition of a more severe sentence as a result of vindictiveness against a defendant for successfully attacking his conviction.") (citation and punctuation omitted). Accordingly, Huynh's new sentences raise no due process concerns. See, e.g., *Fair v. State*, 281 Ga. App. 518, 519 (1) (636 SE2d 712) (2006) ("a concurrent sentence may be converted into a consecutive sentence without being considered 'more severe'"); *Alvarado v. State*, 248 Ga. App. 810, 811 (1) (547 SE2d 616) (2001) (affirming resentencing order where trial court "converted [the defendant's] existing

6

sentence from a concurrent sentence into a consecutive one without increasing the length of the sentence"). Huynh's remaining vehicle in pursuit of a remedy, if any he has, is a petition for habeas corpus. See OCGA § 9-14-40 et seq.; *Patterson*, 347 Ga. App. at 109 (1) ("An extraordinary motion for new trial is not a remedy available to [Huynh] because he pled guilty. Construing [Huynh's] pleading as a motion to withdraw his guilty plea or a motion in arrest of judgment is equally ineffectual because both sorts of motions must be filed within the same term of court at which the guilty plea or judgment being challenged was entered.") (citation and punctuation omitted).

In sum, because the trial court's sentences fall within the statutory range of punishment for the offense of child molestation, the trial court did not err in its resentencing order. We therefore affirm the trial court's order denying Huynh's motion to modify his sentence.[8]

---

[8] Huynh does not include any enumerations of error related to the arguments raised in his written motion to modify his sentence — i.e., that merger should have applied to his sentences and that "there is additional and relevant information that the court did not hear prior to sentencing" — and they are therefore deemed abandoned. See, e.g., *Williams v. State*, 306 Ga. 365, 366 (828 SE2d 360) (2019) ("Matters not enumerated as error will not be considered on appeal.") (citation omitted); *Sutton v. State*, 354 Ga. App. 399, 401 (2) n. 3 (841 SE2d 2) (2020). In any event, neither of these arguments form a basis for modifying Huynh's new sentences. See, e.g., *Patterson*, 347 Ga. App. at 109 (1) (finding that, in view of defendant's guilty plea,

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*



a motion to modify sentence "was not a proper procedural mechanism for asserting such a claim").